KEATOR v. WHITTAKER et al.

(Court of Civil Appeals of Texas. Amarillo. Oct. 13, 1911.)

COURTS (§ 487*)—JURISDICTION—TEXAS COURT OF CIVIL APPEALS.

Since, under Sayles' Ann. Civ. St. 1897, art. 1387, appeals generally are perfected when the bond is filed, the Court of Civil Appeals for the Seventh district, creation of which became operative June 9, 1911, under Act April 3, 1911 (Acts 32d Leg. c. 120), has no jurisdiction of an appeal, where the bond was filed May 25, 1911, and no order of the Supreme Court transferring the cause to the new court is shown.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 487.*]

Appeal from Donley County Court; J. H. O'Neal, Judge.

Action by F. Y. Keator against John A. Whittaker and another. From a judgment dismissing the cause, plaintiff appeals. Appeal dismissed.

Madden, Trulove & Kimbrough and H. B. White, for appellant. Cooper, Merrill & Lumpkin and A. T. Cole, for appellees.

GRAHAM, C. J. This cause is in this court on appeal from a judgment rendered in the county court of Donley county, on May 19, 1911, dismissing the cause on a plea in abatement, filed in that court by appellee, John A. Whittaker. The judgment in the transcript shows that on May 19, 1911, appellant excepted to the judgment of the trial court dismissing the cause, and gave notice of an appeal in these words: "And gave notice of appeal from said judgment to the Court of Civil Appeals for the Second supreme judicial district of Texas, at Ft. Worth, or to the supreme judicial district to which this appeal lies." On May 25, 1911, appellant's appeal bond was approved and filed in the court below, and on May 29, 1911, his counsel applied for a transcript in this cause, which, having been completed, was delivered to him on June 10, 1911, and the same, together with appellant's briefs, were filed in this court on July 31, 1911. On September 11, 1911, appellees filed in this court a motion to dismiss the appeal for want of jurisdiction in this court to dispose of the cause on its merits.

We are of the opinion that this court is without jurisdiction to dispose of this cause on its merits, and that the motion of appellees should be sustained, and the cause dismissed. Under the Constitution of this state (article 5, § 6), the Courts of Civil Appeals have appellate jurisdiction only, except in certain exceptional instances; the cause under consideration not being one of the exceptions. Article 996, Sayles' Annotated Civil Statutes, regulates the appellate jurisdiction of the Courts of Civil Appeals of this state, and limits their appellate jurisdiction to civil cases within the limits of their respective districts. Article 1387, Sayles' Civil Statutes of Texas, provides for and regulates the mode of perfecting appeals from the trial court to the Courts of Civil Appeals, from which article it appears that, though all other requisites therein required be complied with, the appeal is not perfected until the appeal bond, or affidavit in lieu thereof, has been filed in the trial court, except in cases covered by articles 1388, Sayles' Civil Statutes, where no appeal bond or affidavit is required; but that when the other requisites therein have been complied with, and an appeal bond or affidavit in lieu thereof has been filed in the trial court, the appeal has been perfected.

When an appeal has been perfected, the appellate court to which the same is returnable forthwith acquires jurisdiction of the cause, as is evidenced by article 1016, Sayles' Civil Statutes, which provides for the affirmance in the appellate court on certificate, in case appellant has failed to file transcript in that court after perfecting his appeal.

So far as we are aware, there is no au-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

thority for a court of civil appeals considering and disposing of a case on its merits, except in cases where the appellate jurisdiction attached in that court at once, on perfecting the appeal from the trial court, and in cases as provided in article 994a, Sayles' Civil Statutes, as amended by the act of 1909, p. 88, which act confers upon our Supreme Court, power to equalize the dockets of the several Courts of Civil Appeals by transferring causes from one to the other.

On May 25, 1911, the day the appeal bond was filed in this cause, the law creating this court had not become operative, and did not become operative until midnight of June 9, 1911, as shown by the act approved April 3, 1911, p. 269 (Acts of Regular Session of the 32d Legislature), and Donley county, from which this appeal comes, was at that time, under the law then in existence, returnable to and was included in the territory of the Court of Civil Appeals for the Second supreme judicial district.

For the foregoing reasons, and because the record in this cause fails to show any order of the Supreme Court transferring this cause to this court, we are of the opinion that this court is without authority of law to entertain the appeal in this cause, and dispose of the cause on its merits. The conclusion reached by us in this cause is sustained by the reasoning in case of Gordon and Others v. Rhodes & Daniels, 104 S. W. 786.

Appellant's motion to dismiss this appeal will therefore be sustained, and the cause dismissed for want of jurisdiction in this court, and it is so ordered.