## F. Y. KEATOR v. JOHN A. WHITTAKER ET AL.

No. 2351. Decided February 7, 1912.

**Appeal—Jurisdiction—Seventh Supreme Judicial District.**

The Act of the 32d Legislature (House Bill No. 25) created the Seventh Supreme Judicial District, with jurisdiction over appeals from certain counties previously embraced in the Second District, and provided for transfer of causes appealed from such counties, not submitted in the latter court, to the newly created district. An appeal to the Second District was perfected from one of such counties (Donley) on May 25, 1911, the transcript delivered to appellant June 11, 1911, and it was filed in the Seventh District July 31, 1911, where motion was made to dismiss for want of jurisdiction. Held:

(1) The Bill in question took effect June 9, 1911. It became a law on April 3, 1911. (P. 630.))

(2) When such Bill went into effect it transferred the jurisdiction over all unsubmitted appeals from such counties to the Seventh District. The clerk of the Second District performed only a ministerial act in transmitting the records to the new district. (P. 630.)

(3) The record in this case never having been filed in the Second District and no orders having been made in it by that court, there was nothing to be done by such court or the clerk thereof before jurisdiction attached to the Seventh District. (P. 630.)

(4) The effect of the fourth section of the Act was to transfer to and confer upon the Court of Civil Appeals of the Seventh District jurisdiction over all unsubmitted causes appealed from any county embraced in such new district; also jurisdiction of all causes in any of said counties in which appeals had been taken and perfected to the Second District but which had not been filed in that court. (P. 630.)

(5) .The jurisdiction of this case, appealed to but not filed in the Second District at the time the Act became operative, was in the court of the Seventh District. (P. 631.)

(6) The record and statement of facts in this case were properly filed in the court of the Seventh District. The effect of the Act was to put such case in the same condition as if it had been filed in the Second District and transferred by the clerk thereof to the Seventh after the Act creating the latter court went into effect. It was not necessary that the record be filed in the Second District. (P. 631.)

(7) After the law took effect there was no authority for filing such record in the Second District; but if so done the clerk of that court might send the papers to the court of the Seventh District, and if the same were received and filed in the latter court within the time allowed by law for filing them in the proper court that would be sufficient. There was no need of any action by the court of the Second District. (P. 631.)

(8) If the appeal was perfected to the Court of Civil Appeals for the Second District before the law took effect, it was proper to frame the bond and other papers and record with reference to that court, and if not filed before the Act took effect the record should be filed in the Seventh District within the time prescribed by law, and should be treated as if it had been transferred from the Second District. (P. 631.)

(9) The court of the Seventh District had full jurisdiction over all cases from the counties assigned to it, whether filed in said court originally or transferred from the Second District, and should hear and dispose of any motion in such cases and defenses thereto, such as excuses for not filing the statement of facts in time. Gordon v. Rhoades & Daniels, 104. S. W., 786, distinguished. (Pp. 631, 632.)

Questions certified from the Court of Civil Appeals for the Seventh District, in an appeal from Donley County.

*H. B. White* and *Madden, Truelove & Kimbrough,* for appellant.

*Cooper, Merrill & Lumpkin* and *A. T. Cole,* for defendants in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Thirty-Second Legislature enacted a statute by which the Seventh District for the Courts of Civil Appeals was created and the organization of a court for that district was provided for, which bill took effect June 9, 1911. The district is composed largely of counties which were previously embraced in the Second District.

This suit was tried in the County Court of Donley County, which was then in the Second District, and judgment was rendered and appellant gave notice of appeal to the Court of Civil Appeals of the Second District, executing bond for appeal to that court May 25, 1911. The transcript was prepared and delivered to appellant on June 10, 1911. On July 31, 1911, the appellant filed transcript and briefs in the Court of Civil Appeals of the Seventh District within the time re-

quired by law. On September 11, the appellee filed a motion to dismiss the appeal, which the court sustained, and dismissed the appeal, because it had no jurisdiction of the case.

The Act which created the Seventh District contains this provision:

"Section 4. That the clerk of the Court of Civil Appeals of the Second Supreme Judicial District shall, after this Act takes effect, forthwith prepare and certify transcripts of all orders in cases then pending in said Second Court of Civil Appeals taken there by appeal or writ of error from the courts of any of the counties named in the first section of this Act, which cases have not theretofore been submitted to said Second Court of Civil Appeals," etc.

The Honorable Court of Civil Appeals certified to this court these questions:

*Question* 1. "Did House Bill No. 25 become operative upon its passage or only upon the expiration of ninety days after adjournment of the Legislature? In other words, is the emergency clause of the Bill effective?"

*Answer.* The Bill took effect on June 9, 1911. It became a law on the 3d of April of that year.

*Question* 2. "Did House Bill No. 25, upon becoming operative, by its own force and effect, transfer the jurisdiction of the cases covered by the fourth section thereof to this court? Or, did the jurisdiction remain in the Court of Civil Appeals for the Second District until the clerk of that court performed the duties required of him in the Act?"

*Answer.* When it went into effect the Bill transferred the jurisdiction of all unsubmitted cases from counties in the Seventh District to the Court of Civil Appeals of that district. The clerk performed only a ministerial act by transmitting the papers.

*Question* 3. "In this case, the record never having been filed in the Court of Civil Appeals for the Second District, and no orders ever having been made in it by that court, was there anything to be done by that court or the clerk thereof before jurisdiction attached in this court?"

*Answer.* No.

*Question* 4. "Was the jurisdiction in all cases from the counties named in the first section of the Act in which notice of appeal had been given and appeal bond filed in the court below, or in which a writ of error had been sued out and writ of error bond filed in the court below prior to the taking effect of the Act, and which had not been submitted in said Court of Civil Appeals for the Second District, transferred to this court, or was the jurisdiction transferred only in those cases in which the record had been filed or some action or application filed in the Court of Civil Appeals for the Second District, invoking some action by it, before the Act became operative?"

*Answer.* The effect of the fourth section of the law, when it went into effect, was to transfer to and confer upon the Court of Civil Appeals of the Seventh District jurisdiction of all unsubmitted cases that had been appealed from any county embraced in the Seventh District: also jurisdiction of all causes in any of said counties in which appeals had been taken and perfected to the said Court of Civil Appeals for the Second District which had not been filed in said court.

*Question* 5. "Was the jurisdiction of this case, after the Act became operative, in this court, or in the Court of Civil Appeals for the Second District? If in the Second District, what remained to be done before the jurisdiction of this court attached?"

*Answer.* In the Court of Civil Appeals of the Seventh District.

*Question* 6. "If this court had jurisdiction of this cause upon the Act becoming operative, without anything more, did that jurisdiction toll the record so as to require the transcript and statement of facts to be filed in this court? Or, was it necessary to file the transcript and statement of facts in the Court of Civil Appeals for the Second District and be transferred?"

*Answer.* The record and statement of facts should have been filed in the Court of Civil Appeals of the Seventh District. The effect of the Act was to put such cases in the same attitude as if they had been filed in the court of the Second District and transmitted by the clerk thereof to the court of the Seventh District after the Act creating the latter court went into effect. It was not necessary that the record should be filed in the court of the Second District.

*Question* 7. "If, after the jurisdiction of this court attached, the transcript or statement of facts, or brief, or other documents were filed in the Court of Civil Appeals for the Second District, had that court, or the clerk thereof any authority to transfer them to this court, so as to make it the duty of this court to receive and file them, or should that court have stricken them out and left the parties to bring them here for the original filing on proper showing?"

*Answer.* After the law took effect there was no ·authority for filing such record in the court of the Second District, but the clerk of that court might send the papers to the court of the Seventh District, and if such papers were received and filed in the latter court within the time allowed by law for filing them in the proper court, that would be sufficient. There was no need of any action by the court of the Second District.

*Question* 8. "Because of the language above quoted and which appears in the notice of appeal in this cause, as well as in the body of the appeal bond, was the appeal rendered inoperative or was the appeal perfected to the proper Court of Civil Appeals by said notice and the filing and approval of said bond?"

*Answer.* If an appeal was perfected to the Court of Civil Appeals of the Second District before the law took effect, it was proper to frame the bond and other papers and record with reference to that court, and if not filed before the Act in question took effect the record should be filed in the court of the Seventh District within the time prescribed by law and should be treated as if it had been transferred from the Second District.

*Question* 9. "If it should be held that after House Bill No. 25 became operative, because of its provisions, the Court of ·Civil Appeals for the Second District was deprived of all further jurisdiction in causes appealed from the counties named in the first section of that Act, except those that had been submitted in the Court of Civil Appeals for the Second District prior to said Act becoming operative, has this court the power to ·hear and determine excuses for ·not having filed in

this court within the proper time, a statement of facts, which may not have been filed in this court within ninety days after perfecting the appeal?"

*Answer.* The court of the Seventh District had and has full and complete jurisdiction over cases first filed in the court of the Second District and then transmitted to the court of the Seventh District and of cases which were appealed to the former court but the record filed in proper time in the latter court, and should hear any motion just as if the case had been first filed in that court. The Legislature intended to transfer from the Second to the Seventh Court of Civil Appeals all unsubmitted cases pending in the former court appealed from counties embraced in the Seventh District, and the law should be construed so as to effect that purpose. This is not like the case of Gordon et al. v. Rhodes & Daniels, 104 S. W., 786. The Legislature made no provision in creating the Sixth District for transferring cases pending in other courts. The direction in this law to the clerk to transfer all cases unsubmitted by irresistible implication made the transfer of all such cases.