ANDREW HEFLIN, BY NEXT FRIEND, ET AL. v. EASTERN RAILWAY COMPANY OF NEW MEXICO ET AL.

No. 2402.    Decided March 26, 1913.

**1.—Practice on Appeal—Record—Delay in Filing—Statement of Facts.**

The statement of facts prepared in accordance with article 2073, Revised Statutes, 1911, not copied in the transcript, constitutes a part of the record on appeal. The appellate court has the same power to permit its filing, with the transcript, after the expiration of ninety days, on showing of good cause excusing the delay, that it has to permit the filing of the transcript itself, by virtue of article 1608, Revised Statutes, 1911.    (Pp. 27, 28.)

**2.—Same—Creation of Seventh Supreme Judicial District.**

A case taken by writ of error to the Second Supreme Judicial District prior to June 9, 1911, but not filed, became, on the taking effect on that date of the Act creating the Seventh District with jurisdiction over appeals from the county in which it was tried, subject to the jurisdiction of and to be filed in such Seventh District. Filing it by mistake in the Second District after that date, under misapprehensions caused by the confusion of the statutes and decisions, did not affect its status except as tending to show an effort in good faith to comply with the law. And whatever was held to be a good excuse for the delay in filing the transcript thereafter in the proper district, the Seventh, equally excused the delay in filing there the statement of facts which constituted a part of the record.    (Pp. 27-29.)

Questions certified from the Court of Civil Appeals, Seventh District, on writ of error from Parmer County.

*Cooper, Merrill & Lumpkin* and *Hazelwood & McBriar,* for plaintiffs in error.

*Madden, Truelove & Kimbrough,* for defendant in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This case comes to us upon certified question from the Court of Civil Appeals for the Seventh Supreme Judicial District, the statement ·and questions being as follows:

"In the early part of the year 1910, Andrew Heflin, a boy sixteen years old, by his father, Y. D. Heflin, his next friend, and Y. D. Heflin for himself, each filed a suit in the District Court of Parmer County, Texas, against the Eastern Ry. Co. of New Mexico, the Pecos & Northern Ry. Co., the Pecos River Ry. Co. and the Atchison, Topeka & Santa Fe Ry. Co., for personal injuries inflicted upon the said Andrew Heflin by the defendants, which resulted in the loss of one of his legs.

"On the 17th day of October, 1910, said causes were, by agreement, consolidated and tried, resulting in a verdict and judgment for the defendants.

"On October 26, 1910, plaintiffs' motion for a new trial was over-ruled, they gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, and the trial court granted them sixty days from and after that date within which to prepare and file statement of facts and bills of exceptions.

"Plaintiffs in the court below and plaintiffs in error here filed with the clerk of the District Court of Parmer County their statement of facts and bills of exceptions on the 15th day of December, 1910, the same having been properly agreed upon, approved by the judge and ordered filed.

"Plaintiffs in error did not perfect their appeal, but on the 26th day of April, 1911, they filed their petition for writ of error, praying that said case be removed to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, Texas, for revision.

"Defendants in error waived the issuance and service of citation on the petition for writ of error.

"Plaintiffs in error filed an affidavit in lieu of a cost bond, and the District Court of Parmer County, on hearing in open court, allowed the writ on said affidavit.

"On the 27th day of May, 1911, the statement of facts and transcript were delivered to the attorneys for the plaintiffs in error by the clerk of the District Court of Parmer County.

"On examination of the record it was found not to contain all of the documents that the plaintiff desired it to contain and the same was returned to the clerk for correction, and after correcting the same he again delivered it to the attorneys for the plaintiffs in error on the 17th or 18th day of June, 1911, and the transcript and statement of facts were forwarded to the clerk of the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, Texas, and the same were received and filed by the clerk of that court on the 24th day of June, 1911, and said cause was docketed by the clerk of that court as cause No. 7296.

"On the 15th day of June, 1911, the Supreme Court made an order distributing the cases then pending in the several Courts of Civil Appeals of the State by which one hundred and one (101) cases were trans-ferred from the Court of Civil Appeals for the Second, Fourth and Sixth Supreme Judicial Districts to the Court of Civil Appeals for the Seventh District.

"After the decision by the Supreme Court, in November, 1911, in the case of Southern Pacific Ry. Co. v. Storey, the Court of Civil Appeals at Fort Worth, on December 2, 1911, entered an order trans-ferring all cases appealed from counties in the Seventh Supreme Judi-cial District and filed in the Court of the Second District on June 9, 1911, to the Court of the Seventh District, but made no order con-cerning cases appealed from counties in the Seventh District, and filed

in the Court of the Second District after June 9, 1911. Said Court of the Second District reached and tried, in October and November, 1911, some of the cases appealed from counties in the Seventh District and filed in the Court of the Second District after June 9, 1911; and after the decision in the Storey case said Court for the Second District set aside, on its own motion, all decisions rendered in cases in the class last named; and on December 11, 1911, said Court for the Second Supreme Judicial District entered the following order:

" 'It is ordered that the general order of transfer made by this court on December 2, 1911, be so amended as to include within the scope of its operation the following numbered and styled causes, towit: No. 7296, Andrew Heflin et al. v. The Eastern Ry. Co. of New Mexico et al., from Parmer County.'

"This order included thirty-two other cases appealed from counties in the Seventh District in which the records were filed in the Second Court of Appeals after June 9, 1911.

"In accordance with the foregoing order, the clerk of the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, Texas, forwarded to the clerk of this court the transcript and statement of facts in this case, being the case No. 7296 on the docket of the Court of the Second District, and said transcript and statement of facts were received and filed by the clerk of this court on the 13th day of January, 1912, and said cause was then placed on the docket of this court, Andrew Heflin et al., Plaintiffs in Error, v. The Eastern Ry. Co. of New Mexico et al., Defendants in Error, No. 172.

"After the answers by your honors to the certified question in the case of Keator v. Whitaker were received by the clerk of this court on the......day of February, 1912, the plaintiffs in error filed a motion in this court asking that the transcript and statement of facts be filed and considered by this court. The transcript and statement of facts, together with the brief of plaintiff in error, are now and have been in the possession of the clerk of this court since they were transferred from the Court of the Second District.

"Plaintiffs in error set forth in their motion, that at the time they filed their transcript and statement of facts in this cause in the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, Texas, the Acts of the Legislature creating the Seventh Supreme Judicial District had not been printed and published, so far as they were advised, and they nor their attorney knew the terms and provisions of the Act creating the said Supreme Judicial District. That there was great confusion and uncertainty as to whether the Act creating the Seventh District alone was in force or whether an Act passed at the same term and creating the Seventh and Eighth Judicial Districts was in force, which doubt and uncertainty continued until the Supreme Court settled the matter on the 10th day of November, 1911, in the case of Railway Co. v. Storey, 140 S. W., 234. That plaintiffs in error and their attorney, before filing the transcript and statement of facts with the Second Court of Appeals, made diligent search for authorities

as to the proper court in which to file said transcript and statement of facts. That they could find no authority on the question by the courts of Texas except the case of Gordon v. Rhodes, 104 S. W., 786, which clearly holds that the proper court in which to file said transcript and statement of facts was the Second Court of Appeals, but for a special provision contained in the Act creating the Seventh Supreme Judicial District, which was unknown to plaintiffs in error and their attorney at the time they so filed said transcript and statement of facts in the Second Court of Appeals.

"Plaintiffs further show to the court that it was the general opinion of the bar, and was the opinion of this court as late as October 13, 1911, that the proper place for filing said statement of facts and transcript was with the Second Court of Appeals, as shown by the opinion of this court in the case of Keator v. Whittaker, reported in 140 S. W., page 120.

"That in view of the foregoing facts, plaintiffs in error say that they have used due diligence to file their transcript and statement of facts in the proper court within the time provided by law, and they here tender to this court their said transcript and statement of facts with briefs, and ask that the same be now filed, as of June 24, 1911.

"Defendants in error resist this motion, contending:

"First. That plaintiffs in error have failed to show 'good cause' within the meaning of article 1015 of the Revised Statutes for their failure to file transcript and statement of facts in this court within the time required by law. And

"Second. That if it be held by this court that 'good cause' is shown by plaintiffs in error for their failure to file the transcript in this court on or before July 25, 1911, and that this court should enter the order allowing it to be filed and considered, then this court is without authority to allow the filing of the statement of facts, because, under the law, no statement of facts can be filed at a time beyond the ninety days provided by law.

"We find that in view of the uncertainty of the construction of the statute directing and regulating the filing of such transcript and records at the time the record in this cause was filed with the clerk of the Court of Appeals for the Second District, and which condition continued until this court received the answers of your honors in the case of Keator v. Whittaker, that plaintiffs in error have shown 'good cause' for their failure to file their transcript and statement of facts in this court within the time provided by law. Railway Co. v. McMahan, 20 S. W., 954.

"In view of the great number of cases depending upon the correctness of our ruling in this cause, we deem it advisable to certify to your honors the following questions:

"Having found that plaintiffs in error have shown 'good cause' for their failure to file the transcript in this court within the time required by law, has this court the authority to now allow the statement of facts also to be filed and be considered as a part of the transcript in this case?

"Second. In construing article 1015 in connection with the Acts of 1907, page 510, and the Acts of 1909, section six (6), page 376, and the Acts of 1911, section six (6), page 265, is the statement of facts to be considered as one of the component parts of the transcript?

"Third. Where a transcript has been filed in this court, either within statutory time, or by the order of this court under the power conferred in article 1015, has this court the power to order brought into this court and filed as part of the record the statement of facts therein, on a proper showing being made for failure to file in this court the statement of facts within the time required by law?"

We will condense the statement made by the Court of Civil Appeals in order to deal with the question of law involved.

The plaintiffs below gave notice of appeal in due time, and filed in the District Court a statement of facts in the time fixed by law, approved by the judge of the court. The plaintiffs did not perfect their appeal, but, within less than one year from the date of the judgment, sued out a writ of error to the Court of Civil Appeals of the Second District by petition filed April 26, 1911, making oath of inability to pay cost, which was allowed by the judge. The statement of facts and transcript were filed with the clerk of the Court of Civil Appeals for the Second District, June 24, 1911. The Act of the Legislature creating the Seventh Supreme Judicial District went into effect June 9, 1911. Parmer County is in the latter district.

On December 11, 1911, the Court of Civil Appeals for the Second District entered this order:

"It is ordered that the general order of transfer made by this court on December 2, 1911, be so amended as to include within the scope of its operation the following numbered and styled cause, towit: No. 7296, Andrew Heflin et al. v. The Eastern Ry. Co. of New Mexico et al., from Parmer County."

The transcript and statement of facts were forwarded by the clerk of the Court of Civil Appeals of that court to the clerk of the Court of Civil Appeals for the Seventh District, who received them on the 13th day of January, 1912, and filed them and placed the case on the docket of the last named court. The plaintiffs in error made a motion for permission to file the transcript and statement of facts with the clerk of the Seventh District, showing cause why they were not filed in that court in proper time. The cause shown is sufficient to satisfy that court to permit the filing of the transcript, but it has deemed it advisable to certify the question, as certified above—that is, "Has this court the authority to now allow the statement of facts also to be filed and be considered as a part of the transcript in this case?"

Article 1608, Revised Statutes, 1911, reads:

"In any appeal or writ of error as provided for in this chapter, the appellant or plaintiff in error shall file the transcript with the clerk of the Courts of Civil Appeals within ninety days from the performance of the appeal or service of the writ of error; provided, that, for good

cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

At the time that article was enacted the statement of facts was copied into the transcript—therefore, filed as a part thereof. Subsequently, the law provided for statements of fact to be made separately from the transcript.

Article 2073, Revised Statutes, 1911, reads:

"When an appeal is taken from the judgment rendered in any cause, in any District Court or County Court, the parties to the suit shall be entitled to, and they are hereby granted, thirty days after the day of adjournment of court in which to prepare and file a statement of facts and bill of exceptions; and, upon good cause shown, the judge trying the cause may extend the time in which to file a statement of facts and bill of exceptions; provided, that the court trying such cause shall have power in term time or in vacation, upon the application of either party, for good cause, to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bill of exceptions; but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law."

It will be seen that the statement of facts is made a part of the record and the only absolute limitation as to the time of filing is "but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law." Originally, the statement of facts was incorporated into the transcript, now it may be separately prepared, but it must accompany the transcript to the Court of Civil Appeals as "a part of the record," as expressed in article 2070, "and the original thereof (statement of facts) shall be sent up as a part of the record in the cause on appeal." When the statement of facts is embraced in the transcript it is filed as a part of the record. When it is made separately from the transcript, it must go to the Court of Civil Appeals with the transcript as "a part of the record."

We answer the question certified that, whatever will excuse delay in filing the transcript will be sufficient to excuse the same delay as to the statement of facts, when filed in time, it being a part of the record.

When the law creating the Seventh District took effect, the 9th day of June, 1911, the County of Parmer became subject to the jurisdiction of the Seventh District, and the record in this case not having been filed in the Court of Civil Appeals for the Second District, while the county was a part of that district, it was by operation of law returnable to the Court of Civil Appeals for the Seventh District, and the matter must be considered as if it had never been filed in the Second District, except as that fact would tend to show an effort in good faith to comply with the law. We are unable to comprehend a distinction which would excuse a failure to file the transcript, yet would not excuse a failure to file the statement of facts which is required to accompany the transcript,

and, as a general rule, could not be received if not in company with the transcript except by leave of the court.