RUSH et ux. v. FIRST NAT. BANK OF AMARILLO et al.

(Court of Civil Appeals of Texas. Amarillo. May 3, 1913. Rehearing Denied July 5, 1913.)

APPEAL AND ERROR (§ 1126*)—FILING RECORD IN WRONG COURT — AFFIRMANCE ON CERTIFICATE.

Judgment will not be affirmed on certificate, because the record in a case appealable to the Seventh district was not filed therein seasonably, or till after motion for such affirmance, it having, owing to confusion in the law, the bar and court being in doubt, been seasonably filed in the Second district as the proper place, and sent to the Seventh district shortly after an authoritative determination by the Supreme Court on the question of which court had jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3144, 4429–4431: Dec. Dig. § 1126.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action between the First National Bank of Amarillo and another and J. W. Rush and wife. From a judgment for the latter parties, the former parties appeal. Appellants move to affirm on certificate. Appellees move to have the record considered as filed seasonably. Appellants' motion denied. Appellees' motion granted.

---

Cooper, Merrill & Lumpkin, of Amarillo, J. A. Stanford, of Waco, and L. C. McBride, of Dallas, for appellants. Madden, Trulove & Kimbrough and Reeder & Graham, all of Amarillo, for appellees.

HUFF, C. J. The First National Bank of Amarillo and W. H. Fuqua filed in this court December 9, 1911, their motion to affirm on certificate a judgment against J. W. Rush and Mattie E. Rush obtained in the district court of Potter county on February 28, 1911.

On the 2d day of March, 1911, a motion for new trial was filed by J. W. Rush and Mattie E. Rush, which was overruled March 28, 1911, to which action of the court Rush and wife excepted and gave notice of appeal to the Court of Civil Appeals, Second Supreme Judicial District of Texas, at Ft. Worth. Thereafter, on the 17th day of April, 1911, they filed their appeal bond. It is alleged that more than 90 days have elapsed since perfecting the appeal, and that the appellees have failed to file in this court any transcript of the record, and appellants therefore ask for an affirmance of the case. This motion is contested, and request is made that the record of Rush et ux. v. First National Bank of Amarillo et al., in cause No. 176, filed in this court December 12, 1911, be considered filed as of proper date, or that the clerk be ordered to file the same within 90 days from the date of perfecting the appeal. It is made to appear in this contest that the record was filed with the clerk of the Court of Civil Appeals, Second Supreme Judicial District, at Ft. Worth July 12, 1911, admittedly within 90 days from the date of perfecting the appeal. Counsel for appellees in this motion and for the appellants in the appealed case show by affidavits that they were not aware that what is known as House Bill No. 25, creating this court, was in fact the law at the time of filing the record in the Second district. They set out at some length the history of the creation of this court and the decisions of the courts with reference thereto. The Thirty-Second Legislature created the Seventh and Eighth supreme judicial districts by an act dated the 10th day of March, 1911, which was signed by the Governor April 3, 1911, and was published in the Session Laws of that Legislature at page 269. At the same session the Legislature passed what is known as House Bill No. 25, by which this court was created. This bill was vetoed by the Governor April 3d; but this, being more than 20 days after adjournment, was ineffectual. On November 10, 1911, the Supreme Court held in the case of Southern Pacific Railway Company v. Sorey, 104 Tex. 476, 140 S. W. 334, that this court was controlled by Bill No. 25. This bill was not published in the general session acts, and its provisions were not known to the bar generally or to the attorneys for Rush and wife, and, in perfecting their appeal and in filing the same in the Court of Civil Appeals, Second Supreme Judicial District, Rush and his attorneys acted under the law creating the two courts, approved by the Governor and published. This court, in the case of Keator v. Whittaker, 140 S. W. 120, decided October 13, 1911, held that, appellants therein having perfected their appeal prior to June 9, 1911, the date the law went into effect, the appeal was returnable to the Second district, citing the case of Gordon v. Rhodes, 104 S. W. 786, as authority for so holding. In Keator v. Whittaker, this court certified certain questions to the Supreme Court upon motion for rehearing and after the Sorey Case, supra, was published. The Supreme Court answered the questions so certified February 7, 1912, 104 Tex. 628, 143 S. W. 607, holding that under section 4 of Bill No. 25, creating this court, that appeals were returnable to this court after the law took effect June 9, 1911, and distinguished Gordon v. Rhodes, supra. Potter county, before the establishment of this court, was in the Second district; but, at the time of the appeal and the filing of the record in that district, said county was and is now in the Seventh district. On the 11th day of December, 1911, the attorneys for Rush filed application in the Second district for an order transferring the case to this court, which order was accordingly granted by that court, and the case brought to and filed in this court.

The appellees herein show that, owing to the confusion in the law and the decisions of the courts, they could not determine where to file the record, and that so soon as they reasonably could, after learning of the holdings in the Sorey Case, supra, they filed the record in this court. The record was not filed in this court until after application to affirm on certificate. Under the holding of the Supreme Court, the record should have been filed in this court at the time it was filed in the Second district.

After carefully reading the various affidavits by the attorneys and clerks, we have concluded the case should not be affirmed on certificate, and that the motion to grant an order, directing the clerk of this court to file the records in the case of Rush et ux. v. First National Bank of Amarillo et al., as of the date of its reception, should be granted. There are several cases which have been pending upon motion in this court, together with this case, for some time, awaiting answers by the Supreme Court to certified questions by this court in the case of Andrew Heflin v. Eastern Railway Company of New Mexico, which questions have been answered and certified to this court, hence the delay in disposing of the motion in this case. We think the appellees herein have shown good cause for the delay. It would be, in our opinion, inequitable, under the confusion heretofore existing, to deprive a party of his right of appeal, when this court, as well as an able bar, were in doubt as to where the

record should be filed, and indeed it having been the opinion of this court that under the law the Second district was the proper place to file the record.

The motion of appellants, the First National Bank of Amarillo and W. H. Fuqua, to affirm on certificate is overruled, and the motion of J. W. Rush and wife granted, ordering that the record in the case of J. W. Rush et ux. v. First National Bank of Amarillo and W. H. Fuqua be filed as of December 12, 1911, and the cause placed upon the trial docket for submission.