LESTER v. RILEY.

(Court of Civil Appeals of Texas. Amarillo. May 17, 1913.)

1. EVIDENCE (§ 29*)—JUDICIAL NOTICE—ACTS OF LEGISLATURE.

The Court of Civil Appeals will take judicial notice that, at a certain time at which an appeal record was filed, none of the acts of the Legislature at its last regular session had been published.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37, 39, 43–46, 48; Dec. Dig. § 29.*]

2. APPEAL AND ERROR (§ 628*)—APPEAL TO WRONG DISTRICT.

Where appellant's failure to file his appeal in the proper District Court of Civil Appeals was caused by the general impression that the Governor had vetoed the act relating to the redistricting of the Court of Civil Appeals, known as the "Single Bill," and the Supreme Court shared the impression, and the cause was transferred to the proper district, motion to dismiss or affirm on certificate, will be denied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. § 628.*]

3. PLEADING (§ 46*)—PARTIES—LEGAL ENTITY.

Where the pleadings and affidavit and bond in an attachment suit show that plaintiff is suing as a bank by and through its president and sole manager, L. T. L., and that the bank is a private bank owned and controlled solely by L. T. L., and he had in fact no partner, the attachment proceedings will not be quashed on the theory that the plaintiff is not a legal entity, since the pleadings sufficiently show that L. T. L. was the real and only party suing.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 101–103; Dec. Dig. § 46.*]

4. ATTACHMENT (§ 202*)—SALE OF PROPERTY —RIGHT TO PROCEEDS.

Where part of cattle attached did not belong to defendant, and a third person sued plaintiff for such levy, it is error for court to order all the proceeds of the sale of the cattle to be turned over to plaintiff in attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 655, 656, 657; Dec. Dig. § 202.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by L. T. Lester against Tom Riley. From a judgment for defendant, plaintiff appeals. Reformed and affirmed.

A. S. Rollins, of Amarillo, G. W. Barcus, of Weatherford, and Jno. C. North, of Falfurrias, for appellant. Knight & Slaton, of Hereford, for appellee.

HALL, J. This suit was filed in the district court of Parmer county, by appellant, to recover upon an overdraft charged against appellee by the Bank of Bovina. Writs of attachment were issued by appellant, the first being levied on 125 head of cattle, and an alias writ levied upon an undivided interest, alleged to have been held by appellee in a certain herd of cattle. After the writs were levied the cattle were sold, and the proceeds deposited in the registry of the court. Appellee moved to quash the attachment proceedings, and the court sustained the motion and ordered the money held by the clerk of the court to be turned over to appellee. Judgment was rendered in favor of appellant against appellee, for the sum of $1,802.06, being the amount of the overdraft, less certain credits. The judgment was rendered on the 29th day of May, 1911. The court adjourned for the term on the 8th day of June, 1911, and on the 9th day of June appellant filed his appeal bond. The transcript of the record was filed in the Court of Civil Appeals for the Second District on the 9th day of July, 1911, and appellee has filed a motion in this court, asking that the judgment be affirmed on certificate, or that the appeal be dismissed. It appears from the record and the indorsements thereon that the transcript, together with the statement of facts, and other filed papers, were transmitted by the clerk of the second district to the clerk of this court on the 16th day of September, 1911, and filed here by the clerk of this court on that date. It further appears that since the appeal has been prosecuted, appellant, by writ of error, has brought the case directly to this court, having filed his transcript with the clerk of this court the 22d day of July, 1912.

[1, 2] This court will take judicial knowledge of the fact that at the time of the filing of this record none of the acts of the Legislature at its last regular session had been published. It was generally understood by the bar that the Governor had vetoed what is known as the "Single Bill," and such impression prevailed until the Supreme Court, in Southern Pacific Co. v. Sorey, 140 S. W. 334, decided that both acts of the Legislature applied, and that by virtue of the provisions contained in the single bill the transfer of this and all other cases appealed under the same circumstances was made from the second court to this court. On the 20th day of June, 1911, the Supreme Court transferred to this court 94 cases, and there could have been no reason for such transfer if the Supreme Court had understood at that time that the provisions of the single bill were operative. The appellant having used due diligence to prosecute his appeal, and his failure to lodge the same with the proper tribunal not being chargeable to his negligence, upon the authority of the following cases we overrule the alternative motion to dismiss or affirm on certificate and grant the appellant's counter motion, and consider the same as having been properly filed in this court: Keator v. Whittaker, 143 S. W. 607; Id., 140 S. W. 120; Gordon v. Rhodes, 104 S. W. 786; Heflin v. Eastern Ry. Co. of New Mexico, 155 S. W. 188; G., C. & S. F. Ry. Co. v. McMahan, 20 S. W. 954. When the motions were filed by appellant the question presented has been certified by this court to the Supreme Court, in the case of Heflin v. E. R. Co. of N. M., supra, and pending the disposition of the Heflin Case, all motions in this and other cases of like character have been passed. During this time, as above stated, appellant has brought the case to this court by writ of error, which is numbered upon the docket of this court, "328." Both cases having been submitted together, cause No. 328 is ordered dismissed from the docket, and we will consider the merits of the controversy upon the record brought here by appeal.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[3] Appellant's first, second, third, and fifth assignments are submitted together and complain of the action of the court in quashing the attachment proceedings. The substance of appellant's contention under these assignments is that the allegations of the original petition show that the appellant was plaintiff, and that he was conducting a banking business at Bovina, under the name of the "Bank .of Bovina," which allegations are substantially carried forward in the amended petition, upon which the case was tried; that the attachment proceedings described appellant as the sole owner and proprietor of the Bank of Bovina. The original petition upon which the attachment proceedings were based, and which alone we must consider in determining the question submitted under these assignments, contains the following allegations: "Now at this time comes the Bank of Bovina, by and through its president and sole manager, L. T. Lester, of Canyon City, Randall county, Tex., and, complaining of Tom Riley, represents as follows: That the said bank of Bovina, hereinafter styled plaintiff, is a private banking institution, located at Bovina, in Parmer county, Tex. (being owned and controlled solely by L. T. Lester of Canyon City, Tex.), at which place the plaintiff carries on a general banking business," etc. The bond in attachment recites: "We, the undersigned, the Bank of Bovina, a firm composed of L. T. Lester, who is sole owner and proprietor, as principal, and L. C. Lair and L. E. Cowling as sureties," etc.—and is further conditioned that "the plaintiff in attachment against the said Tom Riley, defendant, will prosecute its said suit to effect and that it will pay all such damages and costs as may be adjudged against it for wrongfully suing out such attachment." The affidavit in attachment recites: "Before me, the undersigned authority, on this day personally appeared L. T. Lester, sole owner and proprietor of the Bank of Bovina, and acting for said bank, which is plaintiff in attachment," etc. The writ of attachment contains this recitation: "To satisfy the demand of the Bank of Bovina, a firm composed of L. T. Lester, who is the sole owner and proprietor, and that you keep and secure in your hands," etc. The grounds set up in the motion to quash are in substance: (1) Because it appears from the affidavit that the plaintiff to the suit was not a legal entity; that it was neither an natural nor an artificial person. (2) Because the affidavit shows that the debt therein described is not due to any legal entity. Therefore the plaintiff described in the affidavit could not maintain a suit on it. (3) Because the affidavit and bond affirmatively show that it is not the obligation of legal entity; plaintiff described therein being neither a natural nor artificial person. And (4) Because the attachment bond shows on its face that it is not a contract to indemnify the defendant, entered into by any legal entity as a principal, and, the principal not being bound, no obligation rests upon the sureties.

The trial court is apparently sustained by W. & A. Ry. Co. v. Dalton Marble Works, 122 Ga. 774, 50 S. E. 978, Mexican Mill v. Yellow Jacket Silver Mining Co., 4 Nev. 40, 97 Am. Dec. 510, and other cases cited in the brief. Appellee also refers us to the case of Frank v. Tatum, 87 Tex. 204, 25 S. W. 409, which holds that a suit by a partnership must be maintained not in the partnership name, but in the name of the individuals composing the firm. Cases dealing with the question of partnership can have little or no bearing upon the question to be determined here. It is uncontradicted that the Bank of Bovina was merely the "trade-name" of the appellant Lester, under which he was conducting a private bank at Bovina, and that he had no partner. The question presented by these assignments has been passed upon by James, Chief Justice, of the fourth district, at San Antonio, in the case of Lester v. Ricks, 140 S. W. 395. It appears from the facts of that case that the appellant there is also the appellant in the instant case, and the language used is applicable here. "The first question to consider is whether or not the suit was brought and the attachment writ sued out by a party recognized as capable of maintaining an action and of procuring said writs. The writs were sued out . while the original petition was the only pleading in the case. While this petition styled the Bank of Bovina as the party appearing, it states in the same place and connection, that said Bank of Bovina is owned by L. T. Lester of Canyon, Randall county, Tex. This was an allegation of the identity of the bank at Bovina and Lester, and in our opinion Lester figured in the petition as the real plaintiff. Upon the trial of the case on that petition the allegation of the identity of the bank of Bovina and Lester, if established, would in our opinion have warranted the court in rendering judgment for or against Lester, and with that allegation in the petition, had judgment been given in the name of the Bank of Bovina, it would have been res adjudicata as to Lester. Under this view, the affidavit and bond for the attachment were in fact his affidavit and bond." We think, further, that the conditions of the bond in this case are such that a suit could be instituted against Lester; and, under proper allegations and proof, if the facts justified it, judgment might be had against him by appellee if it had been wrongfully sued out. If there had been no statement in the pleadings or attachment proceedings, showing that the "Bank of Bovina" was merely the name under which L. T. Lester conducted his banking business, and it had not been shown that the "Bank of Bovina" was a corporation or a partnership, appellee's motion should have been sustained; but, under the authorities quoted, we think

the court erred in quashing the attachment proceedings.

[4] It is shown by the record that a part of the cattle levied upon probably belonged to third parties, and that such third parties had filed an independent suit against appellant for such levy. Appellee testified that he did not own a part of the cattle. It is therefore error for the court to order the proceeds of the sale of that portion of the cattle delivered to him. Having held that the court erred in quashing the attachment proceedings, we reform the judgment rendered below to the extent of foreclosing the attachment lien upon the proceeds of the cattle, and the judgment, as reformed, is affirmed.