### KENNEDY v. WHEELER. (No. 6745.)

(Court of Civil Appeals of Texas. Austin. Oct. 10, 1923.)

1. **Courts ⬯52—Order of Supreme Court pursuant to statute directing transfer of certain pending causes in Courts of Civil Appeals held binding on Courts of Civil Appeals.**

An order of the Supreme Court, pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 1587, directing the transfer of certain pending causes in the Courts of Civil Appeals to the Court of Civil Appeals of the Tenth Supreme Judicial District at Waco, created by Acts 38th Leg. (1923) c. 74, such order having been made because the act did not itself provide for a transfer of causes, held as binding upon the Courts of Civil Appeals as if the order had been incorporated in the act creating the Tenth Court of Civil Appeals.

2. **Appeal and error ⬯351(2)—Appeal is deemed perfected and pending when appellant gives proper notice of appeal, and files appeal bond in trial court.**

An appeal is deemed perfected and pending in the appellate court when appellant gives a

proper notice of appeal, and files his appeal bond in the trial court in accordance with law, it not being necessary that the case be docketed in the appellate court or that any record be filed therein before it can be considered as pending.

3. **Courts** ⚙️52—**Filing record in appellate court where case pending held proper, notwithstanding prior to filing statute created new appellate court having jurisdiction.**

When appellant's case was pending in the Court of Civil Appeals at Austin when Acts 38th Leg. (1923) c. 74, creating a Court of Civil Appeals of the Tenth Supreme Judicial District at Waco became effective (June 12, 1923), it was proper thereafter to file the record with the clerk of the Court of Civil Appeals in which the case was pending.

4. **Appeal and error** ⚙️628(2)—**Appellant's delay in filing record held excused by the improper directions of the officials of the appellate court to file in another court.**

Where appellant sought to file in time the record in the Court of Civil Appeals at Austin where his case was pending, but was prevented from doing so by officials of that court by their direction that he file the record with the Tenth Court of Civil Appeals at Waco, created by Acts 38th Leg. (1923) c. 74, which he did on July 12th, he was not guilty of negligence, but was entitled to have the record filed back in the Court of Civil Appeals at Austin, as of July 12th.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action between Con T. Kennedy and L. O. Wheeler. From the judgment rendered Con T. Kennedy appeals. On motion to dismiss appeal. Motion overruled.

Spell, Naman & Penland, of Waco, for appellant.

Weatherby & Rogers, of Waco, for appellee.

## Statement.

BAUGH, J. This case is appealed from McLennan county. This county was formerly in the Third supreme judicial district of Texas, but, by an Act of the Thirty-Eighth Legislature, at its Regular Session (chapter 74) was placed in the newly created Tenth supreme judicial district. Appeal bond was filed in the court below on April 16, 1923. The act of the Legislature creating the Tenth supreme judicial district became effective June 12, 1923. This act did not provide for a transfer of any cases to the new court. On June 27, 1923, the Supreme Court of Texas issued the following order:

"In order to equalize the dockets of the Courts of Civil Appeals, it is hereby ordered that all causes pending in the Courts of Civil Appeals of this state, not under submission or set for submission, wherein appeals were taken or writs of error were sued out, from any of the following named counties, to wit: McLennan, Coryell, Falls, Robertson, Hamilton, Limestone, Hill, Freestone, Bosque, Brazos, Madison, and Leon, be and the same hereby are transferred from the Courts of Civil Appeals in which the same are respectively pending to the Court of Civil Appeals of the Tenth Supreme Judicial District of Texas, at Waco, for submission to and determination by said Court of Civil Appeals of the Tenth Supreme Judicial District of Texas. It is further ordered that each Court of Civil Appeals shall immediately make the necessary orders for the transfer of said causes as herein directed, and shall cause the clerk to transmit the transcript, and filed papers in each case, together with copies of all orders made in each cause and a copy of this order, so far as it pertains to said cause, to the Court of Civil Appeals for the Tenth Supreme Judicial District at Waco. It is further ordered that the clerk of this court transmit a certified copy of this order to the several clerks of the Court of Civil Appeals for observance.

"I, F. T. Connerly, clerk of the Supreme Court of Texas, hereby certify that the above is a true and correct copy of the order of court entered in the minutes of the Supreme Court of Texas, under date of June 27, 1923. "Witness my hand and seal of the Supreme Court of Texas, at the city of Austin, this the 27th day of June, 1923.

"[Seal]          F. T. Connerly, Clerk,

"By H. L. Clamp, Deputy.

"Filed in Court of Civil Appeals, Third Supreme Judicial District, Austin, Tex., June 28, 1923.          R. H. Connerly, Clerk."

On the 10th or 11th of July, in a long distance telephone conversation, the attorney for appellant was advised by a member of this court, and also by the clerk of this court, not to send the record in this case to the clerk of this court, but to file the same with the clerk of the Tenth Court of Civil Appeals. This he did on July 12th. Thereafter, on August 18th, appellant withdrew the record from the Tenth Court of Civil Appeals, and sent same to the clerk of this court, with a request that it be filed as of July 12th, the day on which he had tendered it to the clerk by telephone, and was then advised by the clerk that he would refuse to file it if tendered to him in person. It bears file mark of this court, dated July 12, 1923.

Appellee, by motion, urges that this is the proper court in which to dispose of said appeal; asks that the transcript and statement of facts be stricken out because not filed within the 90 days prescribed by law; and that the appeal be dismissed.

## Opinion.

A situation similar to the case before us arose in Keator v. Whittaker et al., 104 Tex. 628, 143 S. W. 607. In that case the Legislature, in creating the new Court of Civil Appeals for the Seventh Supreme Judicial District, directed the transfer of all cases arising in the new district, which had not already been submitted to other appellate courts, to the new court. In answering cer-

tified questions, the Supreme Court, speaking through Judge Brown, held that, where appeals had been perfected in counties within the old district by filing bonds and giving proper notice, but in which the record had not been filed in any appellate court until after the law creating the new district had gone into effect, such records should be filed in the new Court of Civil Appeals, and not in the old court to which such notice was given.

[1] As above stated, the act creating the Tenth Court of Civil Appeals does not provide for any transfer of cases to that court. Article 1587, Vernon's Sayles' Revised Civil Statutes of 1914, does provide, however, that it shall be the duty of the Supreme Court to equalize the dockets of the various Courts of Civil Appeals by directing a transfer of cases at least once each year. We consider the order of the Supreme Court above quoted, made in accordance with and required by the law, just as effective and binding upon the Courts of Civil Appeals as if the Legislature had written the provisions of such order into the law creating the Tenth Court of Civil Appeals. This case, therefore, appears to us to be in the same category, in effect, as the case of Keator v. Whittaker et al., above cited.

[2-4] The question which may now arise is, Was this case pending in this court on June 27th, when the order of the Supreme Court was issued? We think it was. It is not necessary that a case be docketed in an appellate court, or that any record be filed therein before it can be considered as pending. When the appellant gives a proper notice of appeal, and files his appeal bond in the court below in accordance with law, his appeal is deemed perfected, and is then pending in the appellate court. This point was decided and discussed at length in Gordon v. Rhodes & Daniels (Tex. Civ. App.) 104 S. W. 786. It follows, therefore, that this case was included within the provisions of the order of the Supreme Court issued on June 27, 1923.

Basing our opinion upon the answers to certified questions made by the Supreme Court in the case of Keator v. Whittaker et al., we conclude that the appellant properly filed the record in this case with the clerk of this court, and certainly we cannot find him guilty of any negligence or lack of diligence in so doing, when he sought to have it filed here in time, but was prevented by the action of the officials of this court themselves. We think that, under such circumstances, he is entitled to have same filed back as of July 12, 1923, and it is so ordered.

Appellee's motion to dismiss the appeal is therefore overruled, and the clerk of this court is hereby ordered and directed to transfer this case to the Court of Civil Appeals for the Tenth Supreme Judicial District of Texas, and to transmit the record, with all other papers filed herein, to the clerk of said court at Waco, Tex.

Appellee's motion overruled.