J. B. Fry v. W. J. Barron et al.

No. 4885.   Decided November 9, 1927.
(299 S. W., 230).

*Brown & Rountree,* for appellant.

*Garland & Yonge,* for appellees.

The briefs did not discuss the question here certified.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Eighth District has certified to the Supreme Court a jurisdictional question, as follows:

"On April 14, 1927, W. J. Barron recovered a judgment in the District Court of Dawson County against J. B. Fry and others. On April 23, 1927, motion for new trial by Fry was overruled, to which he excepted and gave notice of appeal to the Court of Civil Appeals of the Eleventh Supreme Judicial District at Eastland, Texas. On May 25, 1927, appeal bond was filed by Fry, duly approved by the district clerk. Transcript was applied for by Fry's attorney on August 12, 1927, and delivered to such attorney on the same date. On August 17, 1927, the transcript and statement of facts were filed in the Court of Civil Appeals at Eastland, together with briefs of appellant and appellees. On August 30, 1927, the Court of Civil Appeals at Eastland entered in said cause an order which reads:

" 'It is ordered that this cause be transferred to the Court of Civil Appeals for the Eighth Supreme Judicial District at El Paso, Texas, for the reason that said Dawson County is now in the Eighth District, and that the clerk of this court certify all orders made and costs accrued in this court, and transmit all the papers in this cause to the clerk of said Eighth District.'

"The entire record in the case, together with a certified copy of said order, has been transmitted to the Court of Civil Appeals of the Eighth Supreme Judicial District at El Paso, and filed in that court on September 6, 1927.

"The Eastland Court of Civil Appeals was created by Chap. 87, page 258, Acts Thirty-ninth Legislature, Regular Session. Dawson

County was embraced within the Eleventh Supreme Judicial District by that Act. By an Act of the Fortieth Legislature (Regular Session), Chap. 255, page 378, the State was redistricted into eleven Supreme Judicial Districts, and by this Act Dawson County was embraced within the Eighth Supreme Judicial District. This Act became effective ninety days after adjournment of the Regular Session, which adjournment occurred on March 16, 1927.

"It seems to this court that the appeal in this case was perfected on May 25, 1927, by the approval and filing of the appeal bond and the jurisdiction of the Court of Civil Appeals of the Eleventh Supreme Judicial District at Eastland thereupon attached to the appeal.

"Gordon v. Rhodes & Daniels, 104 S. W., 786; Latimer v. Railway, 104 S. W., 788; Waterman, etc., Co. v. Wheeler, 142 S. W., 145; Kennedy v. Wheeler, 256 S. W., 315; Moore v. McLennan County, 275 S. W., 478.

"The Re-districting Act above mentioned of the Fortieth Legislature made no provision for the transfer of appeals then pending. Had the law made provision for the transfer of this case this court would have jurisdiction.

"Keator v. Whitaker, 104 Texas, 628, 143 S. W., 607; Heflin v. Railway, 106 Texas, 23, 155 S. W., 188.

"Or if there had been an order by the Supreme Court transferring this case from the Eastland Court to this court then we would have jurisdiction. Kennedy v. Wheeler, supra. So far as we are advised the Supreme Court has not ordered the transfer of this case. It therefore seems to the El Paso Court that it has no jurisdiction over this appeal and that jurisdiction thereof is with the Eastland Court for the reason that the jurisdiction of that court attached upon the approval and filing of the appeal bond and there has been no Act of the Legislature or order of the Supreme Court transferring the appeal from the Court of Civil Appeals of the Eleventh District at Eastland to the Court of Civil Appeals of the Eighth District at El Paso. See cases first cited.

"In this situation the Court of Civil Appeals of the Eighth Supreme Judicial District at El Paso deems it advisable to present to the Supreme Court for adjudication, and does hereby respectfully certify to the Supreme Court this question: Has the Court of Civil Appeals of the Eighth Supreme Judicial District at El Paso jurisdiction of this appeal, or is such jurisdiction vested in the Court of Civil Appeals of the Eleventh Supreme Judicial District at Eastland?"

The question certified should be answered in accordance with the views indicated in the certificate—that is, that the Court of Civil Appeals for the Eighth District has no jurisdiction over the appeal, but that jurisdiction thereof be vested in the Court of Civil Appeals for the Eleventh District.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.