BERRY v. GODWIN et al.   (No. 1599.)

(Court of Civil Appeals of Texas.   Texarkana. June 1, 1916.   Rehearing Denied June 29, 1916.)

1. WITNESSES ⬤⇒48(4) — COMPETENCY—CONVICTION OF MURDER.

One who has been convicted of murder is incompetent as a witness, although he is plaintiff in an action of trespass to try title to land which he claims as a homestead.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 114; Dec. Dig. ⬤⇒48(4).]

2. DEPOSITIONS ⬤⇒91—COMPETENCY OF DEPONENT AT TIME OF TRIAL.

The deposition of a witness whose conviction for murder was suspended by appeal at the time of the taking of the deposition becomes incompetent for use at a trial after such conviction has been affirmed.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 261–265; Dec. Dig. ⬤⇒91.]

3. HOMESTEAD ⬤⇒173—ABANDONMENT—ELECTION BY BRINGING PARTITION.

Suit to partition homestead by a widower was such an election no longer to use or occupy it as homestead that he could not, by amendment of his petition changing the suit to one of trespass to try title, resume, as against answering defendants, the right he had abandoned.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 340; Dec. Dig. ⬤⇒173.]

Appeal from District Court, Henderson County; John S. Prince, Judge.

Action by Thomas Berry against Kirby Godwin and others. From a judgment for defendants, plaintiff appeals. Reformed and affirmed.

As commenced by appellant his suit was against appellees Perry Dethridge and Bertha Godwin (her husband, appellee Kirby Godwin, being joined pro forma), to partition a tract of land containing, it was alleged, 213 acres, in Henderson county. In his original petition, filed August 16, 1913, appellant alleged that Perry Dethridge owned an undivided interest of about 20 acres, and that he (appellant) owned the remainder of the tract. By an amended petition filed September 30, 1913, appellant changed his suit from one for a partition to the statutory one of trespass to try title, and sought a recovery of the title and possession of the entire tract. In this petition he set up title in himself by virtue of the statute of limitations of three, five, and ten years. Appellees answered by: (1) A plea of not guilty; (2) a general denial; (3) a plea setting up the statute of limitations of four years as a bar to the suit, on the theory that it was, in effect, to cancel a deed made by appellant October 1, 1884, whereby he conveyed the land to his deceased wife, Thursday Berry; (4) a plea that Bertha Godwin, as a granddaughter and heir of Thursday Berry, owned an undivided interest of $9/24$, that Perry Dethridge, as the surviving husband of Johnnie Berry, a daughter of said Thursday Berry, owned an undivided interest of $4/24$, and that appellant owned an undivided interest of $11/24$, in the land; and (5) a prayer that the land be partitioned among them. In a supplemental petition appellant alleged that he was the head of a family that the land was his homestead, and therefore that it was not subject to partition as prayed for by appellees, even if it should appear that they owned an interest therein as claimed by them.

At the trial it was agreed that appellant on October 1, 1884, owned the land in controversy as a part of his separate estate. From testimony admitted it appeared that on that day he made a deed which by its terms conveyed to his wife, Thursday Berry, "200 acres off the north end" of the tract of land upon which he then resided, being the land in controversy, in consideration of $500 paid to him by her "out of her separate estate." October 22, 1885, appellant acknowledged the execution of this deed before the county judge of Kaufman county. October 29, 1885, the deed was duly recorded in Henderson county. The land was the homestead of appellant and his wife, Thursday, at the time she died, in 1888. She left three children surviving her, to wit: Allen, a boy, and Pearl and Johnnie, girls. Allen married, and he and his wife died, leaving appellee Bertha Godwin, their only child, surviving them. Johnnie married appellee Dethridge. She died, and left no child surviving her. June 13, 1913, Pearl conveyed her interest in the land to appellant. From the date of the death of his wife, Thursday, until the time this suit was instituted appellant continued to reside upon and use the land as his home, except that on two occasions he left it and resided elsewhere for short pe-

---

riods of time. He married again within about a year after the death of his wife, Thursday. By his second wife, who died before the commencement of the suit, he had three children, all of whom were alive, and each of whom at the time of the trial was less than 21 years of age, and two of whom at that time resided upon the land in controversy. In March, 1913, appellant was convicted of murder and sentenced to a term in the penitentiary. The judgment convicting him, on an appeal therefrom prosecuted by him, was affirmed by the Court of Criminal Appeals October 22, 1913.

The jury having, in compliance with a peremptory instruction to them to do so, found that appellant owned an undivided interest of $11/_{24}$, appellee Bertha Godwin, an undivided interest of $9/_{24}$, and appellee Perry Dethridge, an undivided interest of $4/_{24}$, the court rendered judgment accordingly, and appointed commissioners to partition the land.

Miller & Miller, of Athens, and R. S. Neblett and Ormond Simkins, both of Corsicana, for appellant. W. R. Bishop and J. J. Faulk, both of Athens, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] The cause was tried in February, 1915, long after the judgment convicting appellant of the crime of murder had been affirmed by the Court of Criminal Appeals, and while he was confined in the penitentiary in accordance to the sentence imposed upon him. The action of the court in sustaining the motion of appellees to suppress the deposition of appellant as a witness, taken October 15, 1913, on that ground, is assigned as error. The contention made in support of the assignment is that appellant was a competent witness at the time his deposition was taken, notwithstanding he had been convicted and sentenced to a term in the penitentiary, because the judgment and sentence against him were suspended by an appeal he had prosecuted which was then undetermined. The assignment must be overruled. The common-law rule which renders a person who has been convicted of such a crime incompetent as a witness is in force in this state. Webster v. Mann, 56 Tex. 119, 42 Am. Rep. 688; Tillman v. Fletcher, 78 Tex. 673, 15 S. W. 161; Rogers v. Tompkins, 87 S. W. 379. In the case last cited the court quotes approvingly from 13 Cyc. 994, as follows:

"As a general rule, the status of the witness at the time of the trial governs the question of his competency, for, in contemplation of law, the deposition itself is the witness, and the witness is presumed to testify when the deposition is used."

In the case first cited the court said:

"The judgment of conviction is but the evidence of the moral depravity which creates the disqualification; and the reason for the exclusion of the testimony of a party while under indictment upon which a conviction is subsequently had is just as strong as through his testimony was given after conviction. The facts and law existing at the time of the trial, and not at the time of the taking of a deposition, must be looked to ordinarily to determine its competency"

[3] It appeared from the testimony that the land in controversy was appellant's homestead at the time he commenced his suit to partition it. It is contended that the court, therefore, erred when he awarded a partition thereof at the instance of appellees. The contention would be sustained but for the fact that it is thought the effect of appellant's suit to partition the land operated as an election by him to no longer use or occupy it as a homestead. In Moore. v. Moore, 89 Tex. 29, 33 S. W. 217, which was a suit by the surviving second wife for a partition between herself and the heirs of the first wife of the decedent, the Supreme Court, after declaring that the second wife was entitled under the Constitution (article 16, § 52) "to retain possession of the homestead during her life, if she chose to use or occupy it as such," said:

"But she had the right to abandon the use of it as a homestead, when it would become subject to partition as other property When she filed this suit and asked the court to partition the estate, including the property claimed as a homestead afterwards, it was a waiver of her right to use and occupy it as a homestead."

If the commencement by appellant of the suit to partition the land was in effect an election by him to no longer use or occupy it as a homestead, it is not believed he could thereafterwards, by an amendment of his petition changing the suit to one of trespass to try title, resume as against appellees, who had answered the suit, the right he had abandoned.

The complaints made by appellant, based on the action of the court in refusing on his motion to dismiss the suit, and refusing to submit to the jury an issue as to whether he had reacquired title to the land by force of statute of limitations after he conveyed it to his wife, Thursday, are believed to be without merit when considered with reference to the record.

The conveyance to appellant's wife, Thursday, was of "200 acres off of the north end of the tract." Appellant's suit was for the entire tract, alleged to contain 213 acres. The decree of the court directed a partition of the 213 acres. As the entire tract before the conveyance by appellant to his wife, Thursday, was a part of his separate estate, no reason is apparent why he was denied a recovery of the part of the tract not conveyed by his deed to his said wife. Therefore the judgment will be so reformed as to adjudge a recovery by him of that part, and a partition between him and appellees of the 200 acres off the north end of the tract only; and, as so reformed, it will be affirmed, and the cause will be remanded, so that the 200 acres may be partitioned as directed in the judgment.