LEWIS et al. v. POWELL. (No. 1381.)

(Court of Civil Appeals of Texas. Amarillo. June 19, 1918. On Motion for Rehearing, Oct. 9, 1918.)

1. ELECTION OF REMEDIES ⬤═9 — DISMISSAL OF ACTION.

The mere bringing of an action which has been dismissed before judgment, in which no advantage has been gained or legal detriment occasioned, is not an election.

2. ELECTION OF REMEDIES ⬤═9—FORECLOSURE OF MORTGAGE.

Assuming that there could be an election as between foreclosure through the courts and a sale by trustee under a power, where sale of land under trust deed was set aside on the ground that appointment of substitute trustee was unauthorized, there was no election of remedies.

3. TAXATION ⬤═531(2)—PAYMENT BY MORTGAGEE—SUBROGATION.

Where mortgagee is compelled to pay taxes to protect his lien, he is subrogated to the lien created by the tax assessment.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Suit by D. E. Powell against Etta M. Lewis to foreclose a vendor's lien. J. H. Lewis and another intervene as defendants. Judgment for plaintiff, and defendants appeal. Affirmed.

W. I. Gamewell, of Stratford, for appellants. Veale & Lumpkin, of Amarillo, for appellee.

BOYCE, J. J. D. Rawlings conveyed to S. E. Gates section 185, in block I T., Dallam county, retaining in the deed of conveyance a vendor's lien to secure the payment of certain notes executed by the said Gates. A deed of trust with power of sale was also executed by Gates to secure the payment of these notes. The notes were duly transferred to D. E. Powell, who attempted to appoint a substitute trustee under the deed of trust, and this substitute trustee, purporting to act under the powers of the deed of trust, sold the land and it was bought in at such sale by D. E. Powell. The substitute trustee's sale and deed were set aside in a suit brought by Etta M. Lewis, who had acquired Gates' interest in the land, on the ground that the appointment of the substitute trustee and sale by him were unauthorized. Rawlings v. Lewis, 191 S. W. 784. D. E. Powell then filed this suit against Etta M. Lewis to foreclose the vendor's lien retained against said section of land to secure the payment of said notes. J. H. Lewis and W. I. Gamewell, having acquired an interest in the land through the said Etta M. Lewis, intervened as defendants. The defendants in their answer set up the facts already stated in reference to the attempted effort of the said D. E. Powell to have said land foreclosed at trustee's sale, and in this connection pleaded that they had been at large expense, such as attorney's fees, etc., in procuring the judg-

ment setting aside said sale. These facts were pleaded as an election of the method of foreclosure, precluding the said Powell from subsequently pursuing the present alleged inconsistent remedy of foreclosure through the courts. The court below sustained an exception to this pleading of the defendants and the assignments complaining of such action present the principal question on this appeal.

[1, 2] Appellee Powell, according to the allegations of appellants' answer had two methods of foreclosure: One by trustee's sale; the other by foreclosure in the courts. These two remedies, we may assume for the purposes of this decision, are inconsistent, at least they cannot be concurrently exercised though they may be cumulative. We may also assume that a conclusive election to pursue one remedy would estop the use of the other. So that the question we are to decide is whether the facts alleged show such an election on the part of Powell to pursue his remedy of foreclosure by trustee's sale as to estop him from resorting to this other remedy of foreclosure through the judgment of the courts. The authorities are not agreed on the rule that should control the determination of the question as to when an election may be said to have been conclusively made. Some of the authorities assert that any unequivocal act indicating the adoption of one remedy constitutes an election and precludes the abandonment of it and use of the alternative remedy although no benefit has been acquired or detriment done to the other party by the proceeding; for instance, that the filing of a suit in assertion of one remedy constitutes a conclusive election though the suit may be dismissed. R. C. L. vol. 9, p. 961; Register v. Carmichael, 169 Ala. 588, 53 South. 799, 34 L. R. A. (N. S.) 310, and notes. A collection of authorities will be found in the note to Register v. Carmichael, 169 Ala. 588, 53 South. 799, in 34 L. R. A. (N. S.) 309, and the conclusion reached that the weight of authority supports the rule announced by the court in the decision of that case, to the effect that "an election, to be conclusive, must be efficacious to some extent at least. The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election." The commentator suggests this addition to the rule as announced, "or have caused some detriment to the other party." Of course this rule is to be taken with the further limitation that the remedy first adopted has not been pursued to an ultimate conclusion, demonstrating that the right itself does not exist. In the text of R. C. L. vol. 9, p. 961, following the statement of the strict rule first above announced, it is said that "the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, in which no

element of estoppel in pais has arisen—that is where no advantage has been gained or no detriment had been occasioned—is not an election." These rules thus announced appear to us to be the most reasonable, and the following decisions of our courts evidence the tendency to follow the more liberal rule: Brodkey v. Lesser, 157 S. W. 458; Openshaw v. Dean, 125 S. W. 990; Stone Cattle Co. v. Boone, 73 Tex. 548, 11 S. W. 544. In this case appellee, Powell, gained no benefit whatever from his attempt to sell the property at trustee's sale. All acts done in this attempt were annulled and he was made to pay the expenses of the litigation adjudicating this result. The defendants have suffered no legal detriment; their rights in reference to the plaintiff's claim were in no manner affected by the void proceedings in the attempted trustee's sale. The expenses incurred in the suit brought to set aside the said void sale would be of no benefit whatever in defending against a proper exercise of appellee's rights. Those expenses were incurred in adjudicating the fact that the attempt to pursue the remedy by trustee's sale was of no efficacy whatever. When that fact was judicially announced the parties ought to be placed in the position they occupied before said void acts were taken, with such compensation as the law might allow the defendants for the wrongful attempt made to sell the land. The law, by taxing the costs of the suit in that case against Powell, compensated appellants as far as it recognized they were legally damaged. The void sale, and the suit ascertaining that it was void, in no manner affected the validity of the debt, nor the legality of appellee's lien to secure its payment. Election is treated as an estoppel in pais. Bigelow on Estoppel (6th Ed.) c. 20. Now, estoppel in pais, independent of contract, arises "from act or conduct which has induced a change of position in accordance with the real or apparent intention of the party against whom the estoppel is lodged." There is no element of such estoppel in the facts pleaded. We therefore affirm the action of the lower court in sustaining the exception to defendant's answer setting up this defense.

[3] Appellee paid the sum of $22.56, state and county taxes, on the land for the year 1915, and the judgment of foreclosure included said amount in addition to the amount due on the vendor's lien notes. No personal judgment was sought or obtained either on the indebtedness represented by the note or that due for taxes. The taxes were assessed against the land after the creation of the vendor's lien, but prior to the acquisition of the land by the defendants. There is no question as to the validity of the tax assessment, but appellants contend that, although the mortgagee was compelled to pay the taxes to protect his lien, his right is personal against the mortgagor or his as-

signee owning the land at the time of the assessment and he has no lien on the land. We do not agree to this proposition. We are of the opinion that such mortgagee, so paying the taxes, should be subrogated to the lien created by the tax assessment. Jones on Mortgages (6th Ed.) § 1080; R. C. L. vol. 19, p. 401, par. 180; Williams v. Hilton, 35 Me. 547, 58 Am. Dec. 729, and note. We do not think the cases cited by appellants (McCormick v. Edwards, 69 Tex. 106, 6 S. W. 32; Stone v. Tilley, 95 S. W. 718) sustain their proposition. In the first case the taxes were paid by a volunteer who purchased at a void tax sale. In the second case the city had recovered a personal judgment against the mortgagor, which also foreclosed the city's lien for taxes on the mortgaged property. The mortgagee paid the judgment and sought to issue execution thereon against property of the mortgagor other than that covered by the mortgage and included in the judgment for taxes. This, it was held, he could not do. The mortgagee's attitude was held analogous to that of a surety compelled to pay the debt of his principal. The debt itself is discharged, and the surety's remedy is on the implied promise of reimbursement. His subrogation is not to the debt, but merely its securities. So that it was simply held that the judgment was discharged, and would not form the basis of the issuance of execution on other property. It was not held that the mortgagor would not be subrogated to the tax lien on the land, but that, the mortgagee "Lacey's mortgage having exhausted the property upon which said tax judgment was a lien, there were no securities for him to be subrogated to under said judgment." It will be thus seen that this case recognizes that the mortgagee might be subrogated to the tax lien on the land covered by his mortgage. Affirmed.

HUFF, C. J., not sitting, being absent in Austin, serving on Committee of Judges.

### On Motion for Rehearing.

BOYCE, J. There is, we think, an obvious distinction between this case and that of Bauman v. Jaffray, 86 Tex. 617, 26 S. W. 394, and Berry v. Godwin, 188 S. W. 30, cited by appellant in his motion for rehearing, as being in conflict with our decision. In the first case a creditor who had not accepted under a mortgage conveying property to a trustee for his benefit attached the property; he subsequently dismissed the attachment suit, and sought to accept under the mortgage, which was resisted. Such creditor, without acceptance of the mortgage, had no lien; he could accept or reject the contract thus tendered for his benefit. A rejection of the offer put an end to it, unless renewed by mutual consent of all parties affected. It was held that the levy of the attachment was equivalent to a rejection

of the mortgage. There was, therefore, no lien, or offer of lien, in the attaching creditor's favor. Having rejected the mortgage, he could not thereafter withdraw his rejection without the consent of those interested. In Berry v. Godwin, 188 S. W. 30, it was held, in effect, that a suit for partition by the plaintiff amounted to an abandonment of plaintiff's homestead rights in the property sought to be partitioned. Upon such abandonment, however indicated, certain rights of other persons attached to the property. The plaintiff in the partition suit could not thereafter withdraw the same, and thus defeat rights that had attached upon the institution of the suit. It will thus be seen that neither of the cases present a case of election of remedies. In the first case the action destroyed the lien itself, or rather precluded its existence, and in the second it created rights in favor of third persons which attached upon the taking of the action. Here the lien itself was in no wise affected by the ineffectual attempt to foreclose it in a particular manner.

We think our findings sufficiently cover the facts necessary to be found in a proper consideration of the case, and therefore overrule appellant's motion for rehearing and also his motion for additional findings.

HUFF, C. J., not sitting.