## HENEY et al. v. DAVIDSON.

### No. 8384.

Court of Civil Appeals of Texas. San Antonio.
March 26, 1930.

Rehearing Denied April 30, 1930.

E. L. Coleman, of Corpus Christi, and Douglas & Black, of San Antonio, for appellants.

W. H. Baldwin, of Rockport, and E. B. Ward, of Corpus Christi, for appellee.

SMITH, J.

The appeal presents the controlling question of whether or not the transaction involved was usurious.

On August 1, 1910, appellee, A. J. Davidson, sold to Ben Heney, appellant, ten real estate mortgage bonds each having a par value of $1,000, and bearing 8 per cent. interest. Heney purchased the bonds on credit, giving his promissory note therefor in favor of appellee, in the principal sum of $15,000, with 6 per cent. interest. He also executed his deed of trust upon certain real properties in Aransas county to secure the payment of the note. The parties also at the same time entered into some sort of collateral agreement by which there was a shifting of their respective interests and estates in certain lands in Aransas county. This agreement, the purchase, and sale of the bonds, the execution and delivery of the note and deed of trust, seem to have constituted but one transaction, of which the purchase and sale of the bonds was the principal constituent. The note was not paid, but at numerous maturity dates was renewed after the parties adjusted credits, interest charges, and the like. The note was last renewed on January 23, 1925, for the principal sum of $14,000. The deed of trust was also renewed from time to time with the renewals of the note. When the Heneys defaulted in the payment of the last renewal note, Davidson brought suit and recovered judgment, from which the Heneys have appealed.

The value of the bonds was approximately $10,000. Appellants purchased them from appellee on credit, giving his note for $15,000 therefor. Now appellant treats the transaction as if the bonds had been money, as if appellee had loaned appellant $10,000 in cash, and had taken his interest bearing note for $15,000 as consideration for the loan. And appellants contend that, therefore, the transaction was usurious; that the incorporation in the note of an obligation for $5,000 in excess of the amount of the loan represented a bonus for making the loan, and therefore constituted usurious interest. The trial court found against appellants upon this contention, and in this we conclude that court was right.

We are unable to distinguish this transaction from an ordinary barter and sale of stock securities. It is true that appellant agreed to pay more for the stock than it was apparently intrinsically worth at the time. But that was his privilege. He said he needed money badly, that appellee had no money but did have the bonds, and appellants tried for some time to get hold of the bonds. He submitted several offers to appellee for them, which did not appeal to appellee. Finally he submitted, and appellee accepted the offer evidenced by the contract now attacked. There were other considerations entering into the transaction, as evidenced by a written agreement made by the parties at the time providing for some sort of readjustment of the several estates of the respective parties

in some land in Aransas county. When these matters are considered in connection with the bond transaction, as they should be, it seems to us that every semblance of usury pointed out by appellants is removed. The trial court heard all the testimony, and has resolved it against appellants. We decline to disturb these findings and conclusions.

The judgment is affirmed.