# NOVEMBER, 1930

Francis J. Heney et al. v. A. J. Davidson.

Motion No. 9222.   Decided November 12, 1930.
(32 S. W., 2d Series, 452.)

*Emmett L. Coleman* and *Douglas & Black,* for plaintiff in error.

*W. H. Baldwin* and *E. B. Ward,* for defendant in error.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The defendant in error moves the court to dismiss the application for writ of error herein because the plaintiffs in error failed to deposit a copy of their application with the Clerk of the Court of Civil Appeals, and failed to notify defendant in error's attorney of the deposit of such copy.

The motion is grounded on the proposition that the jurisdiction of the Supreme Court does not attach until Article 1881 of the Revised Statutes, requiring the deposit of a copy of each application and notice thereof to adverse counsel, has been complied with.

When the question was first presented, the Supreme Court regarded as jurisdictional the requirement that the petition for writ of error be filed within thirty days from the overruling of the motion for rehearing by the Court of Civil Appeals, as provided by Article 1742. Hanover Fire Insurance Co. v. Shrader & Rogers, 89 Texas, 35, 30 L. R. A., 498, 59 Am. St., 25. Later the Court invited argument on the question whether compliance with Article 1742 could be dispensed with even with full consent of the defendant in error. It was then deliberately held that it was a condition precedent to the exercise of the Supreme Court's jurisdiction that the application for writ of error be actually presented for filing within the statutory thirty days. Schleicher v. Runge, 90 Texas, 456–458. This interpretation of Article 1742 has since been uniformly followed. Vinson v. Carter & Brother, 106 Texas, 273; Flattery v. Miller, 212 S. W., 932; Long v. Martin, 112 Texas, 365; National Compress Co. v. Hamlin, 114 Texas, 382.

The rule established by this line of decisions is relied on to support the motion to dismiss. The very terms of the Act embodying Article 1881 forbid the holding that the jurisdiction of the Supreme Court over an application duly filed depends on the deposit of a copy and notice of the deposit to the attorney for the defendant in error. The Act specifies that whether the deposit and notice subserve any real purpose is dependent on the option of the defendant in error or his attorney. It is only where the defendant in error or his attorney exercise the option to apply for the copy that the same is to be delivered to the applicant. Revised Statutes Article 1882. Plainly the jurisdiction of the Court could not have been intended to substantially depend on an optional right of one in whose favor errors sought to be reviewed had been committed. The Act was meant merely to expedite the work of the Court in the exercise of

jurisdiction conferred under other statutes. This is suggested by the declaration of the emergency clause that the law should be changed to "expedite the labors of the Supreme Court." Chapter 20, Acts of the 32d Legislature, First Called Session, page 108.

No right of the defendant in error can be substantially prejudiced by construing Article 1881 as directory. It still remains within the power of the defendant in error to procure, through a certified copy, the same benefits he would derive from deposit and notice of the statutory duplicate; and this Court, in proper cases, will always tax any cost incurred against a defaulting plaintiff in error. So, the rule applies which Cooley deduces from the authorities that "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory." Cooley's Constitutional Limitations (8th ed.) page 158.

This is not the first time the Court has been asked to dismiss an an application for failure to comply with Article 1881. A previous request was refused, though failure to comply resulted wholly from unexcused oversight of counsel for plaintiff in error in the case of Martin v. Granger, 205 S. W., 725. In that case, after holding the language of Article 1881 merely directory, the Court refused to dismiss the application, but instead gave such directions as afforded the defendant in error an opportunity to procure a copy, without expense, and extended the time for him to reply to the application. Since Article 1742 was declared mandatory and Article 1881 was declared directory by the Supreme Court they have been re-enacted by the Legislature without change. Thereby the Legislature has adopted the Court's construction of the statute. Pearson v. West, 97 Texas, 238.

The motion to dismiss the application for failure to deposit a copy with the Clerk of the Court of Civil Appeals and to give notice to defendant in error's attorney is overruled.

The record discloses evidence to the effect that the promissory note sued upon for $15,000 was executed not only in consideration of a sale of bonds valued at $10,000 but also of the transfer of a certain interest in net profits of real estate sales guaranteed to amount to at least $5,000. On these facts, no question of usury arises which was not plainly determined aright by the District Court and the Court of Civil Appeals, and no substantial ground appears

for this Court to take jurisdiction of the application, which is accordingly dismissed for want of jurisdiction, regardless of plaintiff in error's failure to comply with Article 1881.