PICKARD et ux. v. REED et al.

No. 2699.

Court of Civil Appeals of Texas. El Paso.

June 30, 1932.

Rehearing Denied July 18, 1932.

S. M. Bradley, of Denton, and J. Lee Zumwalt, of Dallas, for appellants.

J. L. Lipscomb and McBride, O'Donnell & Hamilton, all of Dallas, for appellees.

## HIGGINS, J.

To secure the payment of a note, the appellants, Pickard and wife, on October 18, 1926, executed a deed of trust upon a lot in Grand Prairie. Default having been made in payment of the note, the trustee advertised the property for sale under the power conferred by the deed of trust.

Appellants brought this suit to enjoin the sale and to cancel the deed of trust as a cloud upon the title, it being alleged the property was the business homestead of appellants at the time the deed of trust was executed. A temporary injunction was issued. Motion to dissolve was overruled. Appellee Reed, the payee of the notes, answered to the merits and by cross-action asked for judgment upon the note and foreclosure of the deed of trust.

An instructed verdict was returned against the plaintiffs and in favor of Reed, upon his cross-action.

By their first proposition appellants insist that by his motion to dissolve the temporary injunction so that he could enforce the power of sale by the trustee, Reed thereby elected to foreclose under the power of sale conferred by the deed of trust and he could not thereafter abandon that remedy and pursue the remedy of foreclosure by judgment. As applied to the present facts, the case of B. F. Avery & Sons v. Texas Loan Agency (Tex. Civ. App.) 62 S. W. 793, relied upon by appellants, has no application. The rulings in that and other cases of like nature upon the question of election of remedies arose upon an altogether different state of facts.

In the present case the appellants temporarily enjoined the sale by the trustee, resisted the motion to dissolve, and sought to have the sale permanently enjoined. They prevented the lienholder from pursuing the remedy which he first elected to pursue, and under such circumstances he manifestly had the right, in this suit, to avail himself of the remedy of foreclosure through the judgment of the court, which, by injunction granted at appellants' instance, had prevented him from foreclosing under the power of sale conferred by the deed of trust. Lewis v. Powell (Tex. Civ. App.) 205 S. W. 737; Rick v. Farrell (Tex. Civ. App.) 266 S. W. 522, 525; Openshaw v. Dean, 59 Tex. Civ. App. 498, 125 S. W. 989.

To deny the lienholder such right would be contrary to all sense of justice and could not be justified by any sound reason.

Nor did the court err in giving the peremptory charge. The deed of trust was executed October 18, 1926. Appellants acquired the lot in December, 1925. At that time the property was under lease to J. S. Walker, who was operating a moving picture theater in the building. Upon the expiration of that lease, Pickard, on January 1, 1927, renewed the lease for a period of six months and granted the lessee the option of renewing the same for an additional six months from July 5, 1927. The lessee remained in possession until the fall of 1927, operating the theater in the building.

Pickard testified that when he bought the property he intended to go into the garage business and use it for that purpose; that he had used it for that purpose during the period of a previous ownership.

"Intention alone cannot give a homestead right. * * *

"Preparation—that is, such acts as manifest this intention—is but the corroborating witness to the declaration of intention, the safeguards against fraud, and an assurance of the bona fides of the declared intention of the party." Cameron & Co. v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 1035, 34 Am. St. Rep. 832.

Appellants rely upon the decision in Gardner v. Douglass, 64 Tex. 76. In that case the court said:

"With us an actual occupancy of the land is not, under all circumstances, an indispensable prerequisite in impressing upon it the homestead character.

"But where there has been no previous occupation of the land as a homestead, then, to invest it with that quality, it has been held essential that there be an existing bona fide intention to dedicate the property as a homestead, and this intent must be accompanied with such acts of preparation and such prompt subsequent occupation as will amount to notice of the dedication, and thereby prevent this most valuable right from being converted into an instrument of fraud. Franklin v. Coffee, 18 Tex. 417 [70 Am. Dec. 292]; Barnes v. White, 53 Tex. 631; Brooks v. Chatham, 57 Tex. 33; Swope v. Stantzenberger, 59 Tex. 390. * * *

"Here the property was purchased for a homestead, and with the intention to occupy it as such, just as soon as possession could be had. And in fact as soon as the lease expired the parties promptly took possession, and have since that time been occupying it as a homestead. At the time of the purchase by appellants, the property was then occupied under a lease which expired about three months afterwards. It was then improved property, and no additional improve-

ments are shown to have been necessary to render it habitable. Appellants then had no other homestead and did not own any other land. .* * *

"It appears from the record that appellants purchased the property with the bona fide intention of occupying it as their homestead just as soon as they could get possession. They purchased the property for a homestead, and at the time owned no other land. The proceeds of their former homestead, which had been previously sold, was invested in this property.

"It also sufficiently appears that the debt upon which the judgment in favor of .Marx & Kempner was rendered against Gardner had .been contracted before the purchase of the lot in controversy. Therefore this debt could not have been contracted upon the faith of the property; nor did Marx & Kempner advance any new consideration in the acquisition of the asserted lien.

"As the appellants acted in the best of good faith in purchasing this improved property for a homestead, and upon the expiration of the lease took prompt possession and have ever since occupied it as such, under the facts and circumstances it must be considered that the occupancy followed the purchase in such reasonable time as would invest the property with the homestead quality from the time of the purchase, as to those who have not been deceived to their injury, because the acts and declarations of appellants as to the dedication of the property as a homestead had not been more positive and notorious."

Upon the same theory, and substantially the same facts, the homestead exemption was sustained in Jones v. Lanning. (Tex. Civ. App.) 201 S. W. 443.

In the case at bar Pickard voluntarily incumbered the property about a year after he acquired it. During all that time it was under lease to Walker and used as a theater. There is no evidence that the lienholder had any notice of Pickard's intention to dedicate the property to business homestead purposes.

Furthermore, Pickard did not take possession of the property and carry into effect his intention to dedicate to business homestead purposes when Walker's lease expired. On the contrary, he renewed the lease for six months with the privilege of renewal for an additional six months and Walker remained in possession until the fall of 1927.

We agree with the view of the learned trial court that the renewal of the lease and failure to take possession and dedicate the property to business homestead purposes when Walker's first lease expired constituted such a failure to complete the dedication as defeats the claim of homestead exemption now asserted. To hold otherwise would be to perpetrate a fraud upon an innocent lienholder who made his loan upon the property when there was nothing to indicate it was of a homestead business character or intended to be so dedicated.

This suit to enjoin was not filed until April 3, 1931, and upon an examination of the evidence we are of the further opinion that up until the filing of the suit there has been no such use of the property by Pickard as would support the claim of homestead exemption. But it is unnecessary to discuss this phase of the case. We base our decision upon the ground previously stated.

The action of the court in sustaining exceptions to portions of the answer to the cross-action presents no error. The matter stricken constituted no defense and was wholly immaterial.

Nor was there any error in excluding testimony showing the use of the property by Pickard during the period of the previous ownership. If it had any relevancy, it was upon the issue of his intention in reacquiring the property. Pickard's testimony upon this phase of the evidence was ample to carry the case to the jury, and additional testimony as to such intention would have added no strength to his case. The excluded evidence was merely cumulative on the issue of intention, which alone was insufficient to establish the homestead exemption.

Affirmed.