## GRAHAM v. UNIVERSAL CREDIT CO., Inc.

### No. 9906.

Court of Civil Appeals of Texas. Galveston.

Sept. 28, 1933.

Rehearing Denied Oct. 19, 1933.

Shields & Johnson and W. H. Graham, all of Houston, for appellants.

Bryan, Cosby, Suhr & Bering and Norman J. Bering, all of Houston, for appellee.

LANE, Justice.

In negotiations between W. H. Graham and Johnston Motor Company, a corporation, whereby said company offered to sell a Ford automobile to Graham for cash for $676, or on time for $757, Graham accepted the credit proposition and purchased the car, and paid thereon $225, and executed his obligation to pay the further sum of $531 in monthly installments of about $30 per month, with the highest legal rate of interest on each of such installments after maturity. The contract between the parties provides the usual 10 per cent. attorney's fees in the event of default being made in the payment of any of the installments when due.

On the 11th day of December, 1930, there was due and unpaid of said purchase price of the automobile, together with attorney's fee, the sum of $111.50.

On the date mentioned, Universal Credit Company, Inc., to which the contract mentioned had been duly transferred by the seller of the automobile, brought suit in the justice's court against W. H. Graham to recover the sum of $111.50.

Judgment was rendered in the justice's court against Graham for the sum sued for, and the cause was carried by appeal to the county court at law of Harris county.

In the county court, W. H. Graham pleaded that, since the installments to be paid by him bore the highest rate of interest allowed by law, the excess charged on the time sale over and above the cash price constituted usurious interest, and, as such sum was usurious, the plaintiff was not entitled to a recovery therefor.

The cause was tried in the county court by the court without a jury, and judgment was there rendered for the plaintiff for the sum sued for. The defendant Graham has appealed.

We think the judgment is supported by ample evidence, and as to the law it is governed and supported by the following cases cited by appellee, and many other cases from other states: Fisher v. Hoover, 3 Tex. Civ. App. 81, 21 S. W. 930; Galveston & Houston Investment Co. v. Grymes (Tex. Civ. App.) 50 S. W. 467; Burkitt v. McDonald, 26 Tex. Civ. App. 426, 64 S. W. 694, 695; Heney v. Davidson (Tex. Civ. App.) 27 S.W.(2d) 293; Id., 119 Tex. 451, 32 S.W.(2d) 452; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 40, 48 A. L. R. 1437; and 27 R. C. L., page 214.

In Burkitt v. McDonald, supra, it is said: "A seller may demand one price for cash and another and greater price upon credit, and it would not be usury."

And in Commercial Credit Co. v. Tarwater, supra, it is said: "If in fact the sum of $654 represented the credit price of the car, as distinguished from its cash delivered price of $600, the transaction is not usurious, as the parties had a perfect right to agree upon such a purchase though the advanced price should be in excess of the legal rate of interest upon the cash price. This principle is well recognized by the authorities."

For the reasons above expressed, the judgment is affirmed.

Affirmed.