Seizure of personal property under writ in a distress proceeding in justice court by landlord against tenant for rents is for security, to hold the property in statu quo pending suit for foreclosure. So, the quashing of the writ quashes the levy thereunder and the property must be returned to the defendant, but the quashing of the writ and the return of the property in no way impairs the landlord's lien. Appellant's statutory lien on the property existed independent of the distress warrant, but the right of possession thereof pending the foreclosure was in the tenant. The court did not err in directing the return of the property to the tenant.

The judgment of the lower court is affirmed.

Affirmed.

an automobile and denying the former a recovery upon a debt and chattel mortgage.

A chattel mortgage having given the mortgagee the right to take possession of the security property upon default in the payment of the debt secured, the mortgagee was not liable to the mortgagor for damages for conversion on account of peaceably taking possession of the security property; the debt being in default. Singer Sewing Mach. Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901; Phoenix Furniture Co. v. McCracken (Tex. Civ. App.) 3 S.W. (2d) 545.

The judgment is reversed; and the cause is remanded for trial upon the cross-action.

## PIPKIN v. RICO.
### No. 9639.

Court of Civil Appeals of Texas. San Antonio.

June 12, 1935.

H. L. Faulk, of Brownsville, for plaintiff in error.

Weldon. J. Bailey and P. F. Dominy, both of San Benito, for defendant in error.

BICKETT, Chief Justice.

This is an appeal by J. T. Pipkin, defendant below, from a judgment in favor of Luis N. Rico, plaintiff below, awarding the latter damages for conversion of

## JORDAN et al. v. JUNKIN et al.
### No. 9535.

Court of Civil Appeals of Texas. San Antonio.

March 6, 1935.

Rehearing Denied June 19, 1935.

