## COLLIER et ux. v. PRICE et al.
### No. 10593.

Court of Civil Appeals of Texas. Galveston.

Jan. 20, 1938.

Rehearing Denied Feb. 10, 1938.

Morris Pepper, of Houston, for appellants.

Elbert Roberts and J. H. Baumgarten, both of Houston, for appellees.

GRAVES, Justice.

The appellants have prosecuted to this court two appeals in this controversy, al-. though not against the same opposing litigants; the issues presented by the former one, in which D. A. Ford, Ford Realty Company, and Lone Star Realty Company were the adverse parties, were determined by a judgment and opinion, reported under the style of Collier v. Ford, in 81 S.W.2d 821; a full statement of the facts and issues then presented—as between Mr. and Mrs. Collier and the three opponents named, supra—was made in the cited opinion and need not be here repeated, the sole controversy there being whether or not the attempted trustee's sale of the property involved, on January 5 of 1932, in the circumstances fully detailed in our former opinion, had been valid; on a holding that the Colliers had raised questions of fact over the validity of that sale that had not been properly determined, the adverse judgment to them, notwithstanding, was accordingly reversed, and the cause remanded for another trial upon those issues.

.. On the second trial below, from which. the present appeal comes, those issues of fact were fully and properly submitted—as between those same parties thereto—to a jury for its arbitrament, and were determined favorably to the appellants Collier and wife.

Thereupon, pursuant to the verdict, the learned trial court found such previously-attempted trustee's sale to have been invalid, and so adjudged; at the same time such appellees upon the former appeal—that is, D. A. Ford, Ford Realty Company, and Lone Star Realty Company—having in addition to resisting appellants' claim that such trustee's sale had been invalid, further, this time, by cross-action, sued appellants for title to the property involved—that is, lot 11 in block 10, of Washington Terrace addition in the city of Houston—claiming to own the same in fee simple as against them; the trial court, however, determined that contention adversely to them, decreeing that they take nothing thereon.

Both sides in that long drawn out controversy over the validity of the trustee's sale back in 1932 finally accepted such disposition of it on this second trial below, such former appellees not having appealed therefrom, nor been made parties thereto by the appellants in their present appeal; wherefore, that feature is not now before us. ·

Appellants, however, pursue the present appeal against the appellees this time—that is, G. W. Price, Mae Edna Wilson, and Elbert Roberts, as independent executors of Mrs. L. E. Noble's estate, together with the first two of these as individuals—who, as interveners in the trial court· this time, suing as representatives of the estate of Mrs. L. E. Noble as the owner and holder of the $6,500 vendor's lien note outstanding against the property referred to, had been awarded · a foreclosure of the liens securing that note against both the Colliers, together with a personal judgment against Mr. Collier for the amount found to be due thereon.

Such relief to the interveners having been granted by the court on independent findings of its own from the evidence, wholly independent of the jury's verdict on the stated issues between the other parties. '·

On consideration of this record it is concluded that the learned trial court was correct—that the present appellees, having by their intervention pleaded and conclusively proved that they were the owners and holders of this original $6,500 outstanding . lien against the property, were entitled to such a judgment—irrespective of the abortive efforts made by Ford in 1932 to foreclose on the security by the attempted trustee's sale referred to—the note having been due in full at the date of the filing of this intervention, having never been paid, and there being no valid defenses of any sort : available to the Colliers against it; further, that neither Ford, nor either of the ·companies claiming under him by virtue of his stated effort' as trustee in 1932 to sell the property out had ever had any interest in it, except subject to the $6,500 vendor's lien note, which was at all times outstanding in either Mrs. L. E. Noble, or her representative.

Further, that the unsuccessful effort of Ford, as Mrs. Noble's agent, in 1932 to accelerate the maturity of her $6,500 note and so mature the title to the property at that time in her did not constitute any such an election of remedies as cut off her representatives in the present suit from the relief they so sought and obtained; especially since, in their intervention, they only prayed for a foreclosure, in event the court should first find that the 1932 deed of trust sale had been invalid, which was done; in all the circumstances, without undertaking to here reiterate them, these authorities are thought to support this judgment of foreclosure in their favor. Pickard v. Reed, Tex. Civ.App., 52 S.W.2d 274; Lewis v. Powell, Tex.Civ.App., 205 S.W. 737.

But appellants further complain ·of the visitation of a personal judgment upon J. A. Collier for the amount found to be due upon the note, insisting that not only had he originally purchased the· property from Mrs. Olive Wilkinson under a deed expressly reciting that his purchase was "subject to" the Mrs. Noble $6,500 outstanding vendor's lien note, but further that the appellees here had been beneficiaries of the $1,000 recited sale price the property was alleged to have brought under the invalid trustee's deed therefor so made by Ford in 1932.

These two latter contentions are thought to be fully answered by these· considerations :

(1) The appellees here (neither they nor Mrs. Noble having been parties before) were conclusively shown not to have received any credit whatever for the alleged $1,000 purchase price brought at that trustee's sale —that having been, as to them at least, a mere matter of bookkeeping among the three appellees in the first appeal.

(2) It is true that the deed, under which Mr. Collier originally purchased the lot, did recite that it was "subject to" the $6,500 note, and did not show that he further at that time assumed the same; but the' proof that he later did so was abundantly ` made, hence the trial court was not without warrant in so finding, in effect, by visiting the personal responsibility for the amount at that time found to be due upon the note upon , him; in his later dealing with Mr. Ford (while the latter was acting for Mrs. Noble) in seeking indulgencies and other accommodations upon and as affecting· that obligation —notably through his letters to Mr. Ford of March 6 and November 5 of 1931, as well as that of February 17 of 1932—he plainly assumed liability for the debt; the trial court was, in the circumstances shown, justified in finding and holding that these acts upon his part amounted to a withholding by him of the purchase price of the property from Mrs. Noble as the owner of the superior title thereto, as well as a subsequent

treating of her lien against the same as his own debt. 29 Tex.Jur. 908; 9 Texas Law Review 453; Farm & Home Savings Ass'n v. Landau, Tex.Civ.App., 48 S.W.2d 777; Fidelity Union Ins. Co. v. Cain, Tex.Civ. App., 28 S.W.2d 833.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; the judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.