**GARDNER v. ASSOCIATES INV. CO.**
No. 5528.

Court of Civil Appeals of Texas. Amarillo.
March 22, 1943.

Rehearing Denied May 24, 1943.

Cofer & Cofer, of Austin, for appellant.

Everett L. Looney and Looney & Clark, all of Austin, for appellee.

FOLLEY, Justice.

The appellant, M. L. Gardner, filed this suit against the appellee, Associates Investment Company, for the title and possession of an automobile alleged to have been of the reasonable market value of $1,500 and for damages alleged to have been suffered by reason of the detention of such automobile by appellee.

The automobile was sold to appellant by the Roundtree Motor Company of Houston and appellant executed his note in the sum of $883.68, payable in 24 instalments of $36.82 each, and secured such note by a chattel mortgage on the automobile. Such mortgage provided that if the mortgagor failed to pay the instalments as provided in the contract, or if the mortgagee felt insecure, such mortgagee might take possession of the automobile without notice or demand and with or without process of law. The note and mortgage were duly transferred to appellee for a valuable consideration. Upon default in the payment of such note, appellee took possession of the automobile while it stood near appellant's place of business in Austin, which act precipitated the filing of this suit.

Appellant alleged that appellee had unlawfully taken possession of his automobile and deprived him of the use of it. He also charged appellee with the collection of usurious interest in connection with the loan upon the automobile and sought recovery of double the amount of interest paid. He caused a writ of sequestration to be issued and thereafter replevied the automobile.

Appellee answered and filed a cross action against appellant and his son, Bert Gardner, the latter having executed the note and mortgage with appellant. Appellee sought possession of the automobile and judgment upon the note alleged to have been executed by the Gardners as a part of the purchase price of the automobile, together with foreclosure of the mortgage lien thereon. Appellee alleged that appellant had purchased the automobile from the Roundtree Motor Company and together with his son had executed his purchase money note therefor, which note had been duly transferred to appellee for a valuable consideration. It also alleged that because of appellant's delinquency in his payments it felt itself insecure and had repossessed the automobile under the power given to it in the chattel mortgage.

The trial was before a jury which found that appellee had reason to, and did, feel insecure in the payment of its note; that it repossessed the automobile because it felt insecure; that in doing so, it acted in good faith; that it did not act maliciously, wantonly, or without probable cause; that there was no scheme or device entered into between the Roundtree Motor Company and appellee to collect usury; that the value of the automobile was $275; that the value of the use of the automobile while detained by appellee was $100; and that appellant was not entitled to exemplary damages. The court rendered judgment that appellant take nothing, that appellee recover from appellant the title and possession of the automobile and that it recover of M. L. Gardner and Bert Gardner the sum of $431.90, of which $331.18 was principal, $44.19 was interest, and $56.33 was attorney's fees. In addition, the court decreed a foreclosure of appellee's lien upon the automobile and directed that order of sale issue.

Appellant asserts that the court erred in entertaining appellee's cross action after appellee had exercised and invoked the inconsistent remedy of proceeding out of court and seizing the automobile under its power of sale. He also asserts that the court erred in decreeing title and possession of the automobile in the appellee, thereby depriving appellant of his equity of redemption, and urges that this portion of the judgment is repugnant and inconsistent with the judgment for debt and foreclosure. None of these points was presented in appellant's motion for a new trial, but he insists that they constitute fundamental error.

Appellant, in our judgment, is not in a very good position to assert that appellee was barred from seeking judgment for debt and foreclosure after appellee had repossessed the automobile out of court under its power of sale in the mortgage. Appellant filed this suit and reinvested himself with the possession of the automobile by sequestration and replevin while appellee was about to sell the automobile under its mortgage, and such suit had the effect of preventing appellee from pursuing the remedy it first elected to pursue. In such case appellee manifestly had the right in this suit to avail

itself of the remedy of foreclosure through the court. Pickard v. Reed, Tex.Civ.App., 52 S.W.2d 274, writ refused. However, we are of the further opinion that the court was unauthorized to render judgment in appellee's favor for the title and possession of the automobile, and such relief together with the judgment for debt and foreclosure presents fundamental error. Golden West Oil Co. No. 1 v. Golden Rod Oil Co. No. 1, Tex.Civ.App., 285 S.W. 627, affirmed, Tex.Com.App., 293 S.W. 167. While the mortgage provided that the title to the chattel should remain in the mortgagee until the note was fully paid, such a provision under our statutes does not reserve title of personal property in the mortgagee but amounts only to a mortgage lien upon the chattel. Article 5489, Vernon's Ann.Civ.St.; Sabine Motor Co. v. W. C. English Auto Co., Tex.Com.App., 291 S.W. 1088; Buchanan-Vaughan Auto Co. v. Woosley, Tex.Civ.App., 218 S.W. 554. A mortgagee can not resort to a sale under power of sale in the mortgage and at the same time to a suit foreclosing the mortgage, such remedies being inconsistent. Terry v. Witherspoon, Tex.Civ. App., 255 S.W. 471, affirmed Tex.Com. App., 267 S.W. 973; William Cameron & Co. v. Hinton, 92 Tex. 492, 49 S.W. 1047, 1050; Kelly v. R-F Finance Corporation, Tex.Civ.App., 60 S.W.2d 1067; Tolbert v. McSwain, Tex.Civ.App., 137 S.W.2d 1051. The effect of the judgment herein was to grant appellee both of the inconsistent remedies, that is, to pass the title of the automobile to it and at the same time adjudge a debt and foreclose a lien upon the same chattel. This the court was unauthorized to do. Smith v. Wall, Tex.Civ.App., 230 S.W. 759; Wichita Falls Electric Co. v. Huey, Tex.Civ.App., 246 S.W. 692. However, this error does not, in our opinion, necessitate a reversal of the judgment. Neither the pleadings nor the proof authorized the court to render a judgment for appellee for the title and possession of the automobile, and we may reform the judgment so as to exclude such recovery.

█ Appellant contends that the transaction was usurious and that the court erred in not so holding and in failing to render judgment for double the amount of interest paid and in not canceling the unpaid interest. The facts reveal that the cash sale price of the automobile was $966 and that the deferred credit price for 24 months was $1,123.08. Apparently, being unable to pay the cash price, appellant executed his note for $883.68, payable to the Roundtree Motor Company and also executed his mortgage to secure the note. The note provided for interest at the highest legal rate after maturity only and for fifteen per cent attorney's fees if default was made and the note was placed in the hands of an attorney for collection or collection was made by suit. The remainder of the $1,123.08, the deferred payment price, was paid by appellant in cash or its equivalent. It will be noted that the difference in the cash price and the deferred payment price was $157.08, of which amount $59.55 was for insurance, leaving the amount of $97.43 for some charge which appellant asserts constitutes usurious interest.

We are of the opinion that the above transaction does not constitute usury. The $97.43, under the facts of this case and by virtue of the authorities cited below, was not a charge for the use, detention, or forbearance of money, but was simply an additional charge by the dealer on the price of the automobile if purchased on the deferred payment plan rather than for cash. Rattan v. Commercial Credit Co., Inc., Tex.Civ.App., 131 S.W.2d 399, writ refused; Graham v. Universal Credit Co., Inc., Tex.Civ.App., 63 S.W.2d 727; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437.

Appellant further complains of the judgment on the theory that it is excessive: First, because it included interest claimed to be usurious; secondly, because it failed to allow him credit for the $100 found by the jury to be the value of the use of the automobile while in the possession of appellee; and, thirdly, because the judgment included fifteen per cent attorney's fees when there was no proof of the reasonableness of such amount.

█ If we are correct in our holding that the transaction was not usurious, the complaint as to the inclusion of the interest is untenable and, in conformity with our conclusions in this respect, we must overrule this portion of the complaint. The second part of this complaint must likewise be overruled. Appellant was in default and appellee felt itself insecure in the payment of its loan. While acting in good faith it had the right under the terms of its mortgage to peaceably take possession of the automobile. Having such right, it would not be guilty of a trespass

nor liable for conversion in exercising this right in a peaceful and lawful manner. Pipkin v. Rico, Tex.Civ.App., 83 S.W.2d 1045; Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S.W. 275, 60 L.R.A. 143, 97 Am. St.Rep. 901; Phœnix Furniture Co. v. McCracken, Tex.Civ.App., 3 S.W.2d 545. We think appellee was also entitled to the fifteen per cent attorney's fees even in the absence of any proof that the same were reasonable. The record shows, of course, that suit was filed on the note and the petition of the appellee contained the necessary allegations justifying the recovery of such fees. There was neither pleading nor proof upon the part of appellant that such attorney's fees were unreasonable and thus no issue was presented on this question. This seems to be a matter of affirmative defense, the appellee not being required to offer proof on the issue. First Nat. Bank of Eagle Lake v. Robinson, 104 Tex. 166, 135 S.W. 372; Lanier v. Jones, 104 Tex. 247, 136 S.W. 255; Brannin v. Richardson, 108 Tex. 112, 185 S.W. 562; Tsesmelis v. Sinton State Bank, Tex.Com.App., 53 S.W.2d 461, 85 A.L.R. 319.

The judgment will be reformed so as to exclude recovery for the title and possession of the automobile, and, as so reformed, the judgment will be affirmed.