## SHIELD v. HALL.
### · No. 2625.

Court of Civil Appeals of Texas. Eastland.
Jan. 9, 1948.

Rehearing Denied Feb. 6, 1948.
Second Motion for Rehearing Denied
March 5, 1948.

Dibrell, South & Snodgrass and John O. Harris, all of Coleman, for appellant.

Baker & Baker and R. E. Murphey, all of Coleman, and W. B. Baker, of Houston, for appellee.

LONG, Justice.

On June 20, 1942, plaintiff, Wesley Hall, filed this suit against defendant, Elgean Shield, on a promissory note dated October 23, 1941 in the principal sum of $4,100, payable to plaintiff and due January 1, 1942, seeking a judgment on the note, with interest and attorney's fees, and a foreclosure of a chattel mortgage on 1,000 head of sheep given to secure such indebtedness. At the time of the filing of this suit, plaintiff obtained a writ of sequestration under which the sheriff sequestered 147 head of sheep which were thereafter replevied by the

plaintiff and delivered into his possession by the sheriff. Defendant answered by motion to quash the affidavit and writ of sequestration and plead that plaintiff had converted the livestock involved. He also filed a cross-action against plaintiff and the sureties on his replevy bond for conversion of the sheep and the value of the fruits and of the increase thereof from the date of taking to the date of the trial. By trial amendment defendant alleged that a material alteration had been made in the note and mortgage after their execution and delivery. Thereafter, plaintiff filed his first supplemental petition in answer to defendant's cross-action and in addition to a general denial and plea of limitation, alleged that he took possession of 493 head of the sheep described in the mortgage after maturity of the note with the knowledge and consent of the defendant and thereafter sequestered 147 head of the sheep and replevied same. He also alleged that he sold 640 head of the sheep so taken, together with the increase and wool therefrom at private sale and tendered a credit upon the note in the amount alleged to have been received from such sale, less cost of feed and other expenses incurred by him.

A trial was to the court without the aid of a jury and judgment was rendered for plaintiff for the principal of the note, interest and attorney's fees, less the amount plaintiff received from the sale of the sheep and wool at private sale. Defendant was denied recovery on his cross-action, from which judgment defendant has duly appealed.

Defendant contends that plaintiff was guilty of conversion in selling the sheep at private sale during the pendency of this suit for foreclosure of his mortgage lien thereon, and that the finding of the trial court that plaintiff took possession of the sheep under the terms of his mortgage and sold the same under the power given in the mortgage is not supported by the evidence and is a finding on an immaterial issue.

The trial court found, in substance, that plaintiff sold to the defendant 746 head of mixed aged ewes on October 23, 1941. That at the time of the sale and delivery of said sheep, defendant executed a note for the purchase price and a chattel mortgage covering said sheep to secure such indebtedness. The court further found that in addition to the 746 head sold by plaintiff to the defendant, the mortgage covered 252 head of mixed aged ewes owned by the defendant. That after said note had become past due, plaintiff demanded the payment of the same of defendant and that in the early part of 1942, after plaintiff had been unable to collect the note, plaintiff went to the ranch of the defendant near Santa Anna, Texas, inspected the sheep covered by the mortgage and found them to be in a poor and emaciated condition; that they were badly in need of feed; that there were at that time 716 head of the sheep on the ranch. That plaintiff proceeded to feed said sheep until February 6, 1942, at which time he took 474 head under the mortgage and moved them to his ranch in Brown County, Texas. That shortly thereafter, the wife of the defendant, who resided at Santa Anna, Texas, advised the plaintiff that she had found 19 more sheep covered by the mortgage, and requested him to come after them. That he placed said 19 head with the other 474 head on his ranch in Brown County. About June 15, 1942, plaintiff located approximately 150 other sheep covered by the mortgage on defendant's home place at Santa Anna, Texas, to where they had been removed by some one and on June 20, 1942, he filed this suit and had a writ of sequestration issued.

Shortly thereafter, he made his replevy bond; took said sheep into his possession and placed them with the other sheep on his ranch. That thereafter on the 1st day of July, 1942, plaintiff sold 100 lambs for $246.50 and on May 21, 1942, he sold the wool from said sheep for $875.15 and on July 14, 1942, he sold the balance of said sheep on the Fort Worth market for $1,248.22, making the total net receipts for all sheep and wool, $2,369.87.

The trial court also found that under the terms of the mortgage, plaintiff, if the note was past due, had the right and authority to take possession of the sheep and to sell the same either with or without notice, either at public or private sale and at any time or place the plaintiff might select. That the sheep taken were covered by the

mortgage and that plaintiff sold the same under the terms thereof and that he received the full market value of all sheep and wool sold by him and that he had applied the sale price as a credit on the note. He further found that at the time plaintiff took the 147 sheep under his replevy bond that he thereafter held them as though they were taken under his mortgage and sold them, together with all the other theretofore taken by him under the terms of his mortgage.

The above findings by the trial court have ample support in the evidence. Plaintiff sold the 746 head of sheep to the defendant entirely on credit. At the time of such sale and of the execution of the note and mortgage, the defendant had other sheep on his ranch which were included in the mortgage to secure the indebtedness evidenced by the note. At the time of the sale of the sheep and of the execution of the note and mortgage, defendant was in the Military Service, stationed at Camp Bowie near Brownwood, Texas. After the note became due plaintiff himself, and through his agent, made a diligent effort to collect the same, but he was unsuccessful. Upon his inspection of the sheep covered by the mortgage, he found them poor and badly in need of feed. He took possession of 716 head of the sheep and began feeding them in order to preserve the property upon which he had a lien. When he decided to remove the sheep from the ranch of the defendant to his own ranch in Brown County, he could find only 474 head. Some one had removed part of the sheep at that time. He later received 19 head of the sheep that were found by defendant's wife. Thereafter, he located some 150 head of such sheep at a place owned by the defendant near Santa Anna, Texas. It became necessary, in order to obtain possession of said sheep, for plaintiff to cause to be issued a writ of sequestration. After the sheep had been taken by the sheriff, plaintiff made his replevy bond and took possession of such sheep and placed them with the other sheep on his ranch. He fed and took care of all of the sheep until July 1942, at which time he sold the same at the highest market price available.

█ We are of the opinion that the trial court's findings of fact that the plaintiff took the sheep in question under the terms of his mortgage and sold the same thereunder at the full market value, has ample support in the evidence in this case. We are further of the opinion that the trial court's conclusion of law that the plaintiff had a right to take such sheep under his mortgage and sell the same at private sale is correct.

Plaintiff had possession under his mortgage of 716 head of the sheep and he was prevented from exercising his right of possession and sale as to the 147 head by reason of the fact that they were removed from defendant's ranch to his farm near Santa Anna, Texas. Under such circumstances, plaintiff is not liable for conversion of the sheep and defendant's contention that plaintiff having invoked the jurisdiction of the court was without lawful authority without an order of the court to sell the sheep at private sale during pendency of the suit and in so doing, he was guilty of conversion is overruled. Gardner v. Associates Inv. Co., Tex.Civ.App., 171 S.W.2d 381; Pickard et ux. v. Reed et al., Tex.Civ.App., 52 S.W.2d 274.

The trial court further concluded that under the authority of Willis v. Mays, Tex. Civ.App., 177 S.W.2d 1000, and the cases cited therein, the plaintiff was not liable to the defendant for any damages for taking and selling said sheep because the mortgage gave him the specific authority to do so. We believe that this conclusion of law is correct. As has heretofore been stated, the mortgage gave plaintiff the right and power to take said sheep and to sell them at either public or private sale. Therefore, under the settled law of this State, as announced in the case of Willis v. Mays, he cannot be held liable for damages by taking such property by writ of sequestration since he has done no more by the writ than his contract gave him the right to do.

██ Defendant, by another point, contends that the finding of the trial court that the alterations made in the note and mortgage after their execution, were made with the knowledge and approval of the defendant, is so contrary to the evidence and so

against the great preponderance and weight of the evidence that the same should be set aside. We cannot agree with this contention. The trial court found that after said note and mortgage had been written and signed by the defendant, it was discussed further and it was agreed between the plaintiff and the defendant that ten percent attorney's fees should be placed in the note and that the following words, "the above covers all wool and increase until principal and interest is paid" should be placed in the mortgage, and these additions were written in the note and the mortgage at the time with the consent, approval and agreement of both plaintiff and defendant, and that said additions were not written into the carbon copy of the note and mortgage. The evidence on this issue was conflicting, but without setting it out in detail, we believe that the trial court was authorized in making the above finding. The trial court was the trier of the facts. He had an opportunity to see, observe, and hear the witnesses and it was his responsibility to pass upon their credibility and of the weight to be given their testimony. He, having done so, and his findings being supported by the evidence, the same are binding upon this court and we are not authorized to disturb them. Glenn v. Glenn, Tex.Civ. App., 183 S.W.2d 231.

Defendant also contends that the judgment herein is excessive under Section 206 of the Soldiers' and Sailors' Civil Relief Act of 1940 and the amendments thereto, 50 U.S.C.A.Appendix, § 526. We cannot agree with this contention. The Soldiers' Civil Relief Act has no application here for the reason that at the time defendant executed the note and mortgage he was in the Military Service.

All points raised by the defendant have been carefully considered and we are of the opinion that reversible error is not shown.

Judgment of the trial court is in all things affirmed.

### On Motion for Rehearing

[5] The trial court found that it was impossible, in view of the uncertainty of the testimony, to make findings as to the market value of the livestock and the increase thereof from the date of taking to the date of trial. The trial court further found that the defendant was not damaged by reason of the taking of the sheep by the plaintiff. These findings have support in the evidence. It is, therefore, apparent that the defendant is not entitled to a judgment against the plaintiff even though it should be determined plaintiff converted the sheep.

We have again carefully reviewed the record and it is our considered opinion that the motion for rehearing should be and the same is overruled.